UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: THE ANTIOCH COMPANY, *et al.*, : | Case No. 3:10-cv-156 |
| : | |
| Debtors, : | Judge Timothy S. Black |
| : | Judge Guy R. Humphrey |

| | |
|---|---|
| THE ANTIOCH COMPANY LITIGATION: | |
| TRUST, W. TIMOTHY MILLER : | |
| TRUSTEE, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| LEE MORGAN, *et al.*, : | |
| : | |
| Defendants. : | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES BANKRUPTCY JUDGE GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS CERTAIN NON-CORE CAUSES OF ACTION (Doc. 6); AND (2) OVERRULING DEFENDANTS' OBJECTIONS (Docs. 7, 8, 9, 10, 11, 12, 13, 14)**

This case is before the Court pursuant to 28 U.S.C. Section 1334(b) because it is related to a case under Chapter 11.[1] The Litigation Trustee conceded that the claims before this Court did not meet any of the categories of core proceedings within 28 U.S.C.

---

[1] Pursuant to 28 U.S.C. § 1334, the district court has jurisdiction over "all cases under title 11" and proceedings "arising under," "arising in," or "related to a case under title 11." Since these categories are disjunctive, the Sixth Circuit has stated that "it is necessary only to determine whether [the] matter is at least 'related to' the bankruptcy." *Mich. Employment Sec. Comm'n v. Wolverine Radio Co., Inc.* 930 F.2d 1132, 1141 (6th Cir. 1991). "[T]he Code grants broad jurisdictional powers to Article III district courts, and these courts have discretion to exercise this jurisdiction or refer the case or proceeding to the bankruptcy courts." *In re Pioneer Inv. Servs. Co.*, 946 F.2d 445, 448 (6th Cir. 1991). The "related to" clause is a "broad" basis for jurisdiction." *In re Salem Mortg. Co.*, 783 F.2d 626, 633-34 (6th Cir. 1986).

§ 157(b)(2).[2] (Doc. 6 at 30).

Judge Humphrey's Report and Recommendations addressed non-core proceedings, proposed findings of fact and conclusions of law, and submitted these to the District Court pursuant to 28 U.S.C. § 157(c)(1)[3] and B.R. 9033(a).[4] Judge Humphrey reviewed hundreds of pages of pleadings filed with the Court, heard a full day of oral argument, and on April 29, 2011, submitted a comprehensive 144 page analysis with recommendations on disposition. (Doc. 6). Subsequently, Defendants[5] filed Objections (Docs. 7, 8, 9, 10, 11, 12, 13, 14) and Plaintiff responded (Doc. 15).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Trustee filed a 15-count complaint against 30 separate Defendants[6] with varying connections to The Antioch Company before it declared bankruptcy and

---

[2] Causes of action 1-12 are non-core procedings.

[3] "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected." *Id.*

[4] Under B.R. 9033(d), a district court shall make a *de novo* review of the bankruptcy court's findings of fact and conclusions of law, and may "accept, reject or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions."

[5] With the exception of Defendants Luce and Walker, all Defendants against whom claims remain filed objections to the Report and Recommendations.

[6] Defendants include former Antioch directors, officers, trustees, and service professionals.

reorganized in early 2009. All claims stem from the inability of The Antioch Company to pay employees certain retirement benefits and to pay certain creditors.

The objecting Defendants filed motions to dismiss, and, on April 28, 2011, the Bankruptcy Court issued an Order concerning the core bankruptcy claims and a Report and Recommendations to this Court concerning the non-core bankruptcy claims. (Doc. 6).[7] The Bankruptcy Court dismissed Count 14 (a core bankruptcy claim) against the objecting Defendants, and recommended that Counts 6 and 7 (non-core bankruptcy claims) be dismissed, but that Counts 3, 8, 9, 10, and 11 be allowed to proceed.[8] Thus, the objecting Defendants ask this Court to dismiss the claims in Counts 3, 8, 9, 10, & 11.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

As a threshold matter, Defendants Bevelhymer, Felix, Hoskins, Morris, and Lipson-Wilson argue that because the Debtors' estate ceased to exist upon Plan

---

[7] The claims addressed by the Report and Recommendations are non-core claims over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b). Section 1334 provides that the District Court must have subject matter jurisdiction in order to refer a matter to the Bankruptcy Court. The District Court has jurisdiction and has already declined to withdraw reference to the Bankruptcy Court. (*See* Decision and Entry Denying Defendants' Motion to Partially Withdraw Reference to the United States Bankruptcy Court entered on July 29, 2010 at Doc. 5). The Trustee and the Defendants (other than the Certain Director Defendants), stipulated that the Bankruptcy Court would issue proposed findings of fact and conclusions of law to the District Court with respect to the non-core claims. (Doc. 226).

[8] The Report and Recommendations set forth the Bankruptcy Court's recommendations with respect to Counts 1 through 12 and 15. The Bankruptcy Court entered a separate order regarding Counts 13 and 14, which assert core claims. (Doc. 241). Counts 3, 6, 8, and 10 are breach of fiduciary duty claims against the objecting Defendants. Counts 7, 9, and 11 are aiding and abetting breach of fiduciary duty claims.

-3-

confirmation, this Adversary Proceeding cannot impact the administration of the estate. (Doc. 7 at 9). The Bankruptcy Court found that the Adversary Proceeding is "related to" the Debtors' Chapter 11 case. (Doc. 6 at 30-35). Based on the decisions in *McKinstry v. Sergent*, 442 B.R. 567 (E.D.K.Y. 2011) and *Morris v. Zelch*, 372 B.R. 3 (N.D. Ohio 2007), the Bankruptcy Court properly interpreted the "related to" jurisdiction. The Trustee is pursuing claims transferred to him by the Debtors solely for the purpose of liquidating the claims and distributing proceeds to creditors which directly implements the Debtor's Plan. Therefore, the Trustee's civil action is properly within the Court's "related to" jurisdiction.[9]

## B. Res Judicata

Defendants CRG Partners Group, LLC, Epstein, and Ravaris argue that the Trustee's claims are barred by the doctrine of *res judicata* because they were not specifically preserved by the Plan. This Court finds that the Plan Schedule 10.5 is sufficiently specific as to evidence the Debtors' intent to preserve all of the Litigation Claims. *Browning v. Levy*, 283 F.3d 761 (6th Cir. 2002). For the reasons stated in the Report and Recommendations, this Court adopts the Bankruptcy Court's finding that the Plan does not have preclusive effect under *res judicata* as to the causes of action against CRG, Epstein, Ravaris, or Walker.

---

[9] Moreover, as the Court has already recognized, "this matter presents a more complex factual background over which the Bankruptcy Court has more familiarity at this time than this Court." (Doc. 5 at 9).

### C. ERISA Preemption

The Morgan Defendants argue that all non-core claims should be dismissed because they relate to their role as ESOP fiduciary or otherwise relate to the ESOP and are preempted by ERISA. However, in addition to ESOP fiduciaries, these Defendants were also corporate officers and insiders at the company. The Bankruptcy Court properly found that Morgan, Moran, and Attiken could not abdicate their fiduciary duties to the Company by simultaneously and voluntarily assuming fiduciary duties under ERISA.

### D. Statute of Limitations

The Defendants suggest an absolute bar against equitable tolling based on case law findings that other tolling doctrines (i.e., discovery rules, the delayed damages doctrine, and the termination rule) were unavailable. However, both the tolling doctrines and the cases Defendants cite are distinguishable from the instant case.[10] As this Court previously held in *Antioch Litigation Trust v. McDermott Will & Emery*, No 1:09cv218 (S.D. Ohio Aug. 27, 2010) (Doc. 22), determining whether equitable tolling applies is a factual question, and such a finding is premature at this stage of the litigation.

### E. Aiding and Abetting

Defendants argue that dismissal of the Trustee's aiding and abetting claims is

---

[10] *See, e.g., Flagstar Band v. Airline Union's Mort. Co.*, 2011-Ohio-1961 (Ohio Apr. 27, 2011) (slip opinion); *Cundall v. U.S. Bank*, 909 N.E.2d 1244, 1249-50 (Ohio 2009) (Distinguished at Doc. 6, fns. 28, 29).

required by the ambiguity in Ohio law.[11] Accordingly, the Bankruptcy Court considered a number of state and federal decisions concerning aiding and abetting and ultimately determined that the Trustee may pursue this claim.[12] This Court agrees.

### F.     Fed. R. Civ. P. 8

An overwhelming theme in all of the Defendants objections is that the complaint fails to meet the requirements of Fed. R. Civ. P. 8. However, this Court agrees entirely with the Bankruptcy Court's analysis that the Defendants "overstate the Litigation Trustee's burden at this stage of the litigation and misconstrue the protection afforded by the business judgment rule."[13] (Doc. 6 at 114).

### III. CONCLUSION

As required by 28 U.S.C. § 157(c)(1) and B.R. 9033(a), the Court has reviewed the comprehensive findings of the Bankruptcy Judge and considered *de novo* all of the filings in this matter. Accordingly, as explained herein:

---

[11] In fact, Defendant Candlewood requests that this Court certify a question regarding the existence of aiding and abetting to the Supreme Court of Ohio pursuant to its Rules of Practice 18.1, arguing that this issue is not resolved by any controlling precedent from the Supreme Court of Ohio. (Doc. 9 at 7).

[12] Some courts have held that it was unclear whether a cause of action exists in Ohio for civil aiding and abetting. *See, e.g., Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 570 (6th Cir. 2006). However, while not deciding the viability of such a claim, the District Court for the Southern District of Ohio has consistently declined "to dismiss aiding and abetting claims on a Rule 12(b)(6) motion because it cannot be said that Ohio law does not recognize such a cause of action." *The Unencumbered Assets, Trust v. JP Morgan Chase Bank*, 604 F.Supp.2d 1128, 1155 (S.D. Ohio 2009).

[13] Whether the business judgment rule ultimately protects the Count 3 Defendants' decision to issue the ESOP Notes and then to renew the Condor bonds presents issues of facts.

1. Judge Humphrey's Report and Recommendations (Doc. 6) is **ADOPTED**;

2. Defendants' Objections (Doc. 7, 8, 9, 10, 11, 12, 13, 14) are **OVERRULED**; and

3. Defendants' motion to dismiss certain non-core causes of action are **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Count 2 is dismissed against GreatBanc;

    b. Count 4 is dismissed against Reliance;

    c. Count 5 is dismissed against Evolve;

    d. Count 6 is dismissed against Bevelhymer, Lipson-Wilson, Feliz, and Attiken;

    e. Count 7 is dismissed against Lipson-Wilson, Felix, Bevelhymer, and Attiken;

    f. Count 11 is dismissed against Evolve;

    g. Count 12 is dismissed against Candlewood;

    h. Count 15 is dismissed as to all defendants without prejudice; and

    i. All the counts dismissed against ESOP Trustees (GreatBanc, Evolve, and Reliance) are dismissed without prejudice to any ERISA claims the Litigation Trustee may include in any amended complaint.

**IT IS SO ORDERED.**

Date 8/12/11

Timothy S. Black
United States District Judge