# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **THE ANTIOCH COMPANY** | ) | **Case No. 3:10-cv-00156** |
| **LITIGATION TRUST** | ) | |
| | ) | **(Judge  Black)** |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | **Bankruptcy Case No. 08-35741** |
| | ) | |
| **LEE MORGAN, et al.,** | ) | **Adv. Pro. 09-03409** |
| | ) | |
| Defendants. | ) | **(Judge Humphrey)** |

## MOTION TO WITHDRAW THE REFERENCE TO
## THE BANKRUPTCY COURT AND MEMORANDUM IN SUPPORT

Pursuant to 28 U.S.C. sections 157(d) and (e), and Federal Rule of Bankruptcy Procedure 5011, Defendants Lee Morgan, Asha Moran, Chandra Attiken, and Marty Moran (the "Moving Defendants"), move to withdraw the reference to the Bankruptcy Court of this adversary proceeding now that fact discovery is set to close on November 30, 2012 so that this Court can decide dispositive summary judgment motions, and for trial if necessary.  A Memorandum in Support of this Motion follows.[1]

Although motions to withdraw the reference are normally filed in the Bankruptcy Court, we filed this Motion in District Court because the Court has already established a case number for this Adversary Proceeding through which it handled prior motion practice and discovery under the Coordinated Discovery Order (Doc. 28).  A Notice of Filing Motion to Withdraw the Reference has been filed with the Bankruptcy Court.

---

[1] The Moving Defendants also include Morgan GDOT Trust #1, Lee Morgan GDOT Trust #2, Lee Morgan GDOT Trust #3, Lee Morgan Pourover Trust #1, and Lee Morgan Pourover Trust #2.

Respectfully submitted,


/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Brian P. Muething (0076315)
Danielle M. D'Addesa (0076513)
David T. Bules (0083834)
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
bmuething@kmklaw.com
ddaddesa@kmklaw.com
dbules@kmklaw.com

*Attorneys for Defendants,*
*Lee Morgan, Asha Moran, Chandra Attiken,*
*Marty Moran, Lee Morgan GDOT Trust #1,*
*Lee Morgan GDOT Trust #2, Lee Morgan*
*GDOT Trust #3, Lee Morgan Pourover Trust*
*#1, and Lee Morgan Pourover Trust #2*

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION

The Plaintiff has filed two separate lawsuits arising out of identical facts and transactions, but in two different courts in this District.  Because the facts, evidence, documents and witnesses are the same in both cases, this Court consolidated them for purposes of discovery, and discovery now taken in one case is admissible to the same extent in both cases.

The two lawsuits are this one, which the Plaintiff filed in the Bankruptcy Court but which now has its own case number in this Court, and a similar suit against a different defendant in this Court (the "*MWE* Action").[1]  In an April 16, 2012 docket entry, the Court recognized "that it will need to consider to which judge any dispositive motions [in this case] shall be directed and which of the two civil actions should go to trial first."  Both issues are now ready for the Court's consideration.

As to dispositive motion practice, the Moving Defendants request through this Motion that the District Court address "any dispositive motions" in this case, and ultimately conduct the trial.  This lawsuit has evolved into the extraordinary case where the District Court has become more familiar than the Bankruptcy Court with the litigation, the parties, the issues, the facts, and counsel.  This case is also extraordinary because reference withdrawal will eliminate the risk of inconsistent results between this Court and the Bankruptcy Court on identical issues and facts, an intolerable risk we submit given the over $200 million in damages the Plaintiff asserts, and the Defendants' reputations that have been put on the line.

Equally significant, reference withdrawal at this time promotes efficiencies if one Court has both cases because of the material impact that summary judgment or trial in this case will

---

[1] *Antioch Litigation Trust, W. Timothy Miller, Trustee v. McDermott Will & Emery, LLP*, 3:09-CV-00218, the *MWE* Action.  The two litigations are sometimes collectively referred to as the "Related Cases."

have on the *MWE* Action.  As MWE points out in its recently filed Motion, the result in this case through summary judgment or trial may obviate the need for any trial at all in the *MWE* Action because of the same factual and transactional underpinnings in the two cases.  And as this Court has recognized, this Court is the only forum where the efficiencies of a single judge can be realized because the Bankruptcy Court has no subject matter jurisdiction over the *MWE* Action, which is based on diversity jurisdiction.

With fact discovery coming to a conclusion on November 30, 2012 in the Related Cases, the Moving Defendants suggest that the time is ripe for the Court to withdraw the reference of this litigation to handle the inevitable dispositive summary judgment motions in both this case and the MWE case, motions that will cite the same testimony, documents, facts, and evidence, and cover essentially the same legal and factual issues.  It makes good sense and promotes efficient judicial case management for this Court to withdraw the reference of this case to consider and rule on summary judgment motions in both cases, and try both cases.

## II.   **BACKGROUND**

### A.   **The Bankruptcy Case**

The Antioch Company filed for bankruptcy protection in this District on November 13, 2008.  On the petition date, Antioch submitted a prepackaged plan of reorganization, a plan that was confirmed by the Bankruptcy Court on January 27, 2009.  From petition to confirmation, the bankruptcy case lasted just 75 days. The reorganized Antioch Company has been an operating business outside of bankruptcy for almost four years.

The confirmed plan created the Plaintiff, the Antioch Company Litigation Trust (the "Litigation Trust"). The plan provided the Trust with authority to analyze and in its discretion prosecute the debtor's prepetition causes of action.  The Trust filed this suit over a year after confirmation.

**B.     The Litigation Trust Files Two Cases**

The Litigation Trust filed two lawsuits long after the Bankruptcy Court confirmed the Antioch Plan of Reorganization.  Both arise out of the same operative facts.  The first, filed in June 2009 and pending in this Court, is the *MWE* Action that asserts a state law tort cause of action against the defendant. The Litigation Trust filed this case six months later in the Bankruptcy Court on December 23, 2009.  The Litigation Trust's Complaint in this case asserts principally non-core state law tort claims against Defendants.  In an order dated August 12, 2011 (Doc. 27), the Court granted the Moving Defendants' Motion to Coordinate Discovery with the *MWE* Action in this Court, and since at least that time the Bankruptcy Court has not dealt with this lawsuit.

**C.     Prior Motion to Withdraw the Reference**

The Moving Defendants filed a motion to withdraw the reference near the outset of this case.  (Doc. 4.)  This Court denied the motion on July 29, 2010 as "premature."  (Doc.  5.)  The Court first stated that the motion was premature because the Bankruptcy Court had not determined whether the claims in the Complaint were core or non-core. (*Id*. at 9.)  The Bankruptcy Court (and this Court) ultimately treated those state law tort claims as non-core.

The Court also indicated that the Bankruptcy Court had greater familiarity with the claims and the litigation at the time of the decision. (*Id*.)  At this point of the litigation, this Court has the greater familiarity with the Related Cases.

Finally, addressing the argument that the jury demand in the complaint provided cause to withdraw the reference, the Court held that the motion was not appropriate at such an early stage of the case.  (*Id*. at 10-11.)  Now, as fact discovery comes to a close on November 30, 2012, we are at the stage where this Court should withdraw the reference because the factual record is fully developed for dispositive motion practice.  *See e.g. Gecker v. Marathon Fin. Ins. Co.*, 391 B.R.

- 3 -

613, 619 (N.D. Ill. 2008) (reference withdrawal appropriate "prior to the filing of dispositive motions on non-core claims in order to avoid the inefficiency of two different judges ruling on essentially the same motion").

**D.    Procedural History of this Case**

After this Court entered a final order denying several motions to dismiss the non-core state law claims, the Moving Defendants filed a motion to coordinate discovery in the Related Cases (Doc. 17) because the scope of discovery in these cases substantially overlapped.  The Court granted that Motion on August 12, 2011. (Doc. 27.) The Court held a telephonic hearing to address a coordinated discovery plan with counsel in both actions and then entered a coordinated discovery order. (Doc. 28.) Since entry of the coordinated discovery order, the parties have engaged in substantial discovery in the coordinated discovery process, including the depositions of 23 witnesses. On April 16, 2012, the Court held a status conference concerning discovery and related matters. And in August 2012, the Court entered an order extending certain dates in the coordinated discovery order under which fact discovery in both cases will be completed by November 30, 2012.  (Doc. 40.)

**III.    ARGUMENT**

**A.    General Legal Principles Regarding Withdrawal of the Reference.**

The district courts have "original and exclusive jurisdiction of all cases under title 11 [the Bankruptcy Code]."  28 U.S.C. § 1334(a); *Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2011).  A District Court may refer matters under or related to title 11 to a bankruptcy judge. 28 U.S.C. § 157(a). The Southern District of Ohio does so automatically through a standing order of reference.[2]

---

[2] *See* Southern District of Ohio General Order No. 05-02.

The District Court, however, may withdraw the reference to the Bankruptcy Court "for cause shown." 28 U.S.C. § 157(d).  This is known as "permissive withdrawal."  Although Congress did not define what constitutes "cause" to withdraw the reference, courts have developed five generally accepted factors that guide whether "cause" exists:  (1) the core or non-core nature of the proceeding, (2) the efficient use of judicial resources and other considerations of efficiency, (3) prevention of forum shopping, (4) the presence of a jury demand, and (5) uniform bankruptcy administration.  *See In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir. 1993); *Holland v. LTV Steel Co.* 288 B.R. 770, 774 (N.D. Ohio 2002); *In re Skyline Concrete Floor Corp.*, 410 B.R. 564, 566 (E.D. Mich. 2008).  These factors favor reference withdrawal at this juncture of the litigation.

**B.  The Five Factors Favor Reference Withdrawal at This Juncture of the Litigation.**

The five factors favor reference withdrawal.  We address each factor relevant to the analysis in turn.

#### 1.  *The Claims are Non-Core*

The Trustee's amended complaint contained thirteen counts.  The first ten, upon which the Trustee seeks over $200 million in damages, are all non-core state law tort claims.  (Amend. Comp. at ¶¶ 164-221; *See also* Plaintiff's First Supplement to Rule 26(a) Disclosures at 2-3 (claiming damages in excess of $200 million)).  The thirteenth claim, for attorneys fees, is also based on "Ohio common law."  (Amend Comp. at ¶ 258.)

Both this Court and the Bankruptcy Court considered these state law tort claims as non-core in deciding the motions to dismiss related to those claims.  (Docs. 6, 26.)  And the Plaintiff entered into a stipulation with the defendants that eleven of the thirteen claims in the complaint

are non-core. (Ad. Pro. Doc. 226.)[3]  This is, of course, consistent with well settled jurisprudence. *See Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1144 (6th Cir. 1991) ("If the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy, then it is not a core proceeding."); *In re Dayton Title Agency*, 264 B.R. 880, 884 (Bankr. S.D. Ohio 2000) (state law claims for breach of fiduciary duty, breach of contract, and tortious bad faith are non-core matters).  This factor therefore favors reference withdrawal.

> 2.  *Reference Withdrawal at This Stage Promotes Judicial and Other Efficiencies*

The Court should withdraw the reference because doing so serves efficiency and judicial economy in several ways, an important consideration in determining whether to withdraw the reference.  *Northwest Airlines Corp. v. City of Los Angeles (In re Northwest Airlines Corp.),* 384 B.R. 51, 59 (S.D.N.Y. 2008).

First, the overlap in factual and legal issues in this case and the *MWE* Action make it far more efficient for this Court to hear both cases for many of the same reasons that coordinated discovery made sense.  In fact, as MWE points out, the cases are so closely tied that a ruling in this case may obviate the need to try the *MWE* Action.  (*See* MWE Motion at Doc. 42.) Reference withdrawal will also obviate the risk of inconsistent factual and legal and liability decisions from the two courts on the same factual record.  This risk is far too great to tolerate in this case in light of the alleged damages that Plaintiff asserts in excess of $200 million plus legal fees, and the individual and professional reputations on the line in both cases.

Moreover, courts have held that reference withdrawal is appropriate "prior to the filing of dispositive motions on non-core claims in order to avoid the inefficiency of two different judges

---

[3] The stipulation concerned the original Complaint, not the operative Amended Complaint. However, the claims remained unchanged upon the amendment save for the deletion of two claims.

ruling on essentially the same motion." *Gecker*, 391 B.R. at 616. *See also Travelers Ins. Co. v. Goldberg*, 135 B.R. 788, 792-793 (D. Md. 1992) (bankruptcy court handling pre-trial matters, including dispositive motions, is a "limited and inefficient tool" because of *de novo* review); *In re Wedtech Corp.*, 94 B.R. 293, 297 (S.D.N.Y. 1988) (the district court would withdraw the reference for purposes of dispositive motions and trial); *In the Matter of Del. & Hud. Railway Co.*, 122 B.R. 887, 897 (D. Del. 1991) (same). This holds true in regard to the Related Cases because there will be substantial overlap between the dispositive motions in both cases. For example, the motions will cite the same deposition transcripts and key documents in regard to the same transactions and facts upon which the legal claims in both cases rely. Summary judgment on the causes of action in this case will necessarily and directly impact summary judgment on the claim against MWE, so judicial efficiency calls on the motions to be handled by one judge.

Also, consideration of the dispositive motions allows this Court to narrow the facts (which, again, overlap in both cases), legal issues and parties for a trial in this case and the *MWE* Action. And if the motions in this case are filed first in the Bankruptcy Court, it is certain that the non-prevailing party will present objections to the ruling to this Court, which will require a full review of the motions by this Court anyway; so presenting the motions to this Court in the first instance avoids the inefficiencies of an evidentiary *de novo* review as the courts cited above have recognized.

There are thus substantial efficiencies to be gained through having one judge preside over the Related Cases. And as the Court recognized in the order granting coordinated discovery, "[t]his Court is the only court with subject matter jurisdiction over both cases. The Bankruptcy Court does not have jurisdiction over [the MWE Action], where federal jurisdiction is based on [diversity jurisdiction.] Thus there is no basis to refer or otherwise transfer the MWE Action to

- 7 -

the Bankruptcy Court." (Doc. 27.)  As such, if the Court agrees that it is more efficient for the parties and the judicial system for the Related Cases to be pending in front of the same judicial officer, then the only path is through withdrawal of the reference of this lawsuit.

Second, this is the extraordinary case where the District Court has a greater familiarity with the litigation than the Bankruptcy Court.  This Court has gained increasing familiarity with the litigation through the coordinated discovery process and through its *de novo* review of the Bankruptcy Court's recommendations to deny motions to dismiss the non-core claims. Moreover, almost four years have passed since plan confirmation and since any substantive activity in the Bankruptcy Court related to Antioch in the underlying bankruptcy, a prepackaged bankruptcy that lasted a mere 75 days.

Likewise, since the Court coordinated fact discovery in the Related Cases, the Bankruptcy Court has had no substantive contact with this lawsuit.  Familiarity with the litigation is an important reference withdrawal factor since most courts that do not withdraw the reference find it material that the Bankruptcy Court is more familiar with the case, as in *In re Petro Acquisitions, Inc.*, Case No. 05-CV-00738 SJD (Jan. 30, 2009) at 7-8, a case this Court cited in its prior opinion and order.  This Court now has a greater familiarity with the lawsuit, the parties, the issues, the facts and counsel, and this is therefore the extraordinary case in that regard.

Third, it is most efficient for this Court to try this case because the Bankruptcy Court does not have subject matter jurisdiction to enter a final order on the state law claims – the only substantive claims Plaintiff asserts – because they are all non-core.  This Court will surely be asked to undertake a *de novo* review of this litigation, including possibly *de novo* evidentiary presentations.  Withdrawing the lawsuit at this point will allow this Court, where the trial of both

- 8 -

cases should be, to handle the summary judgment motions and thereby define the scope of legal and factual issues that will be tried.

For these reasons, the important factor of judicial efficiency favors reference withdrawal.

### 3. Prevention of Forum Shopping

The Trustee filed the *MWE* case in Federal District Court. Six months later, the Trustee filed this case in the Bankruptcy Court. No reason for filing the two state-law cases, equally dependent on the same set of facts, in separate litigations in separate courts, has ever been articulated. Regardless, the Court should withdraw the reference to the Bankruptcy Court so that the two lawsuits are litigated in this Court, the one forum with subject matter jurisdiction over both of the Related Cases, and because there is no articulable reason to keep the Related Cases in separate courts.

### 4. The Jury Demand Favors Reference Withdrawal

Moreover, because of the Plaintiff's jury demand, this Court will necessarily have to withdraw the reference and try the case since all parties do not consent to a jury trial in the Bankruptcy Court on any claims so triable. It makes good sense to do so at this juncture, at the close of fact discovery, so that this Court can define the scope of facts and issues to be tried in both cases that have identical factual backgrounds, and will generate similar summary judgment motions, motions *in limine*, evidence and witnesses.[4]

---

[4] The fifth factor, uniform bankruptcy administration, is not relevant to this case and therefore favors reference withdrawal. This is because the Antioch Bankruptcy is closed and reorganized Antioch has been an operating company since plan confirmation in January 2009.

C.     **The Passage of Time and the Course of Litigation Has Made the Court's Prior Reasons For Withdrawing the Reference No Longer Relevant.**

The Court's bases for denying the motion to withdraw the reference that we filed at a very early stage of the case are no longer relevant or no longer support this lawsuit remaining in the Bankruptcy Court.

First, the Court stated in its earlier opinion that the motion was premature because the core or non-core nature of the claims had not been determined by the Bankruptcy Court. Since that time the Bankruptcy Court, this Court and the parties agree that the state law claims in the Amended Complaint are non-core.

The Court also denied the prior motion because the Bankruptcy Court had greater familiarity with the facts and circumstances of the adversary proceeding. Perhaps that was the case in July 2010, but it is no longer so. Since that time, this Court, not the Bankruptcy Court, has overseen the discovery process, and has gained familiarity with the parties and claims through status conferences and motion practice.  Indeed, since this Court granted the coordinated discovery order, the Bankruptcy Court has had almost no connection to this matter at all.  As a result, *In re Petro Acquisitions*, a case the Court cited in its prior opinion and order at 9 (Doc. 5), is no longer a good case to guide the decision on this Motion.

As to the two core claims, they are found in Count 11 (equitable subordination) and Count 12 (recovery of preferences).  This Court, of course, has original subject matter jurisdiction over the two core claims and they should be withdrawn as well.  11 U.S.C. § 1334 (a) and (b).  One core claim, equitable subordination, is not a damages claim and comes into play only if the Plaintiff prevails on its state law tort claims, and is asserted against just a few defendants.  The other, the preference claims, are straightforward non-fault based statutory claims that comprise a miniscule measure of damages compared to the over $200 million sought

- 10 -

through the non-core claims and, again, involves only a few defendants. The two core claims in any event should not be controlling here because of their relative insignificance.

Finally, the Court previously ruled against reference withdrawal because the case was in the "earliest stages." Nearly two years later, and with fact discovery complete as of November 30, 2012, the matter is well past the earliest stages.

## IV.    **CONCLUSION**

For the foregoing reasons, Moving Defendants request that the District Court withdraw the reference to the Bankruptcy Court of this adversary proceeding.

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Brian P. Muething (0076315)
Danielle M. D'Addesa (0076513)
David T. Bules (0083834)
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
bmuething@kmklaw.com
ddaddesa@kmklaw.com
dbules@kmklaw.com

*Attorneys for Defendants,*
*Lee Morgan, Asha Moran, Chandra Attiken,*
*Marty Moran, Lee Morgan GDOT Trust #1,*
*Lee Morgan GDOT Trust #2, Lee Morgan*
*GDOT Trust #3, Lee Morgan Pourover Trust*
*#1, and Lee Morgan Pourover Trust #2*

OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Oh 45202
(513) 579-6400

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2012 a copy of the foregoing Motion to Withdraw the Reference was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docketing system.


/s/ Michael L. Scheier                          
Michael L. Scheier

4569102.4