**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **THE ANTIOCH COMPANY** | ) | **Case No. 3:10-cv-00156** |
| **LITIGATION TRUST** | ) | |
| | ) | **(Judge Black)** |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | **Bankruptcy Case No. 08-35741** |
| | ) | |
| **LEE MORGAN, et al.,** | ) | **Adv. Pro. 09-03409** |
| | ) | |
| Defendants. | ) | **(Judge Humphrey)** |

**REPLY BRIEF IN SUPPORT OF MOTION TO**
**WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT**

The Litigation Trust offers no compelling reason why this Court should wait any longer to withdraw the reference of this litigation from the Bankruptcy Court. The Litigation Trust recognizes that the substantive claims giving rise to liability in the Amended Complaint are all non-core and ultimately must be tried in this Court, and does not even dispute that reference withdrawal is proper. It only takes issue with the timing, but provides no compelling basis to delay withdrawing the reference to the Bankruptcy Court. For all of the good reasons of judicial efficiency and efficient case management set forth in the motion and below, the Court should withdraw the reference at this time as fact discovery is closing and dispositive motions are looming.

The continued involvement of the Bankruptcy Court is burdensome and expensive given the double review that every issue and dispositive motion will face. Leaving this case in the Bankruptcy Court presents a missed opportunity to generate substantial efficiency. Every party has recognized that the issues in this matter substantially overlap with the MWE litigation – so

much so that the Trust advocates for consolidated trial. Under these circumstances, it is substantially more efficient to have one judge oversee both matters, including the handling in the first instance of dispositive motions which will necessarily overlap and serve as an opportunity for the Court to narrow and define the triable facts. Given that the Bankruptcy Court has no subject matter jurisdiction over the MWE matter, the efficiency of one judge – and there can be little dispute that such efficiency exists – can only be gained through reference withdrawal.

The Trust admits that dispositive motions in both this case and the MWE case will be decided ultimately by this Court, but its suggestion that this Court will somehow be able to coordinate consideration of a dispositive motion in the MWE case with its consideration of objections to the recommendations of the Bankruptcy Court on dispositive motions at around the same time is unrealistic and impractical.  Neither the Bankruptcy Court nor this Court controls each other's docket, and it makes no practical sense for this Court to hold consideration of MWE's anticipated dispositive summary judgment motion in abeyance until the Bankruptcy Court sends its recommendations on dispositive summary judgment motions to this Court and objections to the Bankruptcy Court's recommendations are fully briefed so that they can be considered by this Court in tandem.  But this is the Litigation Trust's answer to our argument that it makes good practical sense and good judicial case management for one Court, this Court, to consider those motions together.  The Litigation Trust's suggestion is impractical and not workable and does a disservice to all of the parties in both cases.

I.    **ARGUMENT**

    A.    **The Predominance of Non-Core Claims Favors Reference Withdrawal**

The Litigation Trust acknowledges that the non-core nature of the claims is "important" (Pl.'s Resp. in Opp'n at ¶ 16).  It is also undeniable that the 11 substantive claims stated in the Trust's complaint that allege liability and damages are state law non-core tort claims.

Nonetheless, the Litigation Trust suggests that the non-substantive "equitable subordination" claim it has asserted against only 8 of the 29 co-defendants, and which is itself based upon alleged breaches of state law, should be determinative of the Moving Defendants' Motion.[1]  In support, it meekly argues that the Bankruptcy Court's "input" on the equitable subordination claim "would be beneficial," whatever that means (Pl.'s Resp. in Opp'n at ¶ 17).  But they cite no law that a single core claim that is non-substantive and does not allege liability or damages provides a basis to deny withdrawal of the reference in a case predominated by non-core state law tort claims.  Nor do they cite any law that the existence of a single core claim against less than all of the defendants compels the Bankruptcy Court's retention of the entire case for adjudication.  Of course, no such cases exist for either proposition.

Moreover, whether equitable subordination of the claims of those several defendants against the Litigation Trust – there are no claims at issue against an open bankruptcy estate – is appropriate is dependent upon a finding of liability on the non-core claims that will be adjudicated by this Court.  The resolution of the equitable subordination claim is derivative of the liability and damages alleged in the non-core claims.  It is a remedy that this Court can consider at the close of evidence.  It is not, however, a basis to deny the motion.

B.    **Reference Withdrawal at This Stage Promotes Judicial and Other Efficiencies**

All parties acknowledge that judicial efficiency is of considerable importance to the reference withdrawal analysis. There is simply no doubt that withdrawal at this stage of the case presents the more efficient path. Consider the principal arguments of the parties. We argue that

---

[1] The Litigation Trust's Response does not even reference its other core claim, the preference avoidance claim as justification for leaving this case in the Bankruptcy Court.  This is no surprise considering such claims are straightforward non-fault based statutory claims that seek a miniscule measure of damages compared to the over $200 million sought under the non-core claims.  That small core claim does not favor keeping this case in the Bankruptcy Court.

reference withdrawal eliminates the need for the inefficient *de novo* review process, an argument to which the Trust does not even respond.

We also argue that it promotes judicial efficiency and best allocates the litigation resources of the parties (including the Plaintiff's resources) for this Court to adjudicate summary judgment motions in both the MWE case and this case as an initial matter. The Trust recognizes the efficiencies of this process, but proposes an unrealistic and impractical alternative whereby this Court must wait for two steps of indeterminate length of time to be completed before deciding MWE's motion.

First, this Court would wait for the Bankruptcy Court to consider the summary judgment motions, after briefing and argument, on its independent schedule and to submit its recommendations on those motions to this Court. On the Motions to Dismiss filed earlier in this case, the Bankruptcy Court sent its recommendations to this Court close to a year after they were briefed. Second, the Court would then have to wait further still until objections to those recommendations are fully briefed. After all of this time and briefing, the Court will have before it (i) the motions for summary judgment in the MWE case in the first instance; (ii) the summary judgments rendered by the Bankruptcy Court on the core claims, subject to appellate review by this Court; and (iii) the Bankruptcy Court's recommendations on the non-core claims in this case, subject to a *de novo* review under Bankruptcy Rule 9033. We submit that this is not an efficient or practical alternative to a withdrawal of the reference that would allow this Court to determine all of these matters at once in the first instance.

Moreover, the Litigation Trust's argument that the Bankruptcy Court is "familiar" with this litigation does not stand up to analysis. The Bankruptcy Court's consideration of the motions to dismiss the non-core claims two years ago, which requires the Bankruptcy Court to

assume that the allegations in the complaint are true is not particularly relevant today.  The Court considering summary judgment motions will be called upon to review the considerably large evidentiary record that has been developed since that time, not the plaintiff's complaint.

The other two opportunities cited by the Trust where the Bankruptcy Court has considered contested matters related to this case actually did not involve the issues in this case at all.  Two and three years ago (respectively) the Bankruptcy Court ruled on two legal issues not relevant to this case: whether the Litigation Trust's counsel should be disqualified and whether the Litigation Trust controlled the company's attorney-client privilege. Again, these contested legal matters – that were raised in the general bankruptcy case, not the adversary proceeding – did not turn on and offer no insight into issues that are actually involved in this case.

Weighing the substantial efficiencies that withdrawal would create for the Court and the parties against the two step procedure proposed by the Trust, it is evident that the obvious path towards greater efficiency is to have this case before this Court with the MWE case.

### C.    Considerations of Forum Shopping Weigh in Favor of Reference Withdrawal

The Trust's only response to the Moving Defendants' argument that the filing of this case in the Bankruptcy Court after the Trust filed the MWE case in the District Court is blatant forum shopping is that the Trust was rushing to file the MWE lawsuit in time against the statute of limitations, so it filed it in this Court. (Pl.'s Resp. in Opp'n at ¶ 23).  However, this does not explain why the Litigation Trust first filed the MWE state-law case in the Federal District Court, but then filed this state-law case in the Bankruptcy Court when the two cases are equally dependent on the same set of facts.  The statute of limitations only affected *when* the Litigation Trust could file, not *where* it could file its litigation.

Leaving aside whether the Trust was forum shopping when it *filed* its litigation, it is difficult to conclude that its *current* preference for filing dispositive motions in the Bankruptcy Court – with so little objective reason to do so – is not motivated by forum shopping. If this Court agrees that forum shopping concerns exist, such concerns weigh in favor of reference withdrawal.

###    D.    The Litigation Trust's Jury Demand Weighs in Favor of Reference Withdrawal

The Litigation Trust relies on this Court's prior denial of the Moving Defendants' first motion to withdraw the reference to argue that the renewed motion to withdraw the reference is similarly premature. Twice in the prior opinion the Court referred to overruling motions to withdraw the reference when such motion is made at an "early stage" of the case. Nearing the case's third anniversary and with fact discovery closing, such a label hardly applies anymore. And it is more than the passage of time, significant changes have occurred in this lawsuit since this Court made its ruling on the first motion.  This Court has presided over consolidated discovery for over a year and thereby has become more familiar with the facts and legal issues in both this lawsuit and the MWE action.  It only makes good sense to withdraw the reference at the close of fact discovery so that this Court can define the scope of facts and issues to be tried in both cases, which have identical factual backgrounds and will generate similar summary judgment motions, motions *in limine*, evidence and witnesses.  The Trust has not and cannot make a single compelling argument as to why this Court and the Bankruptcy Court should separately decide summary judgment motions that may define the material facts that remain to be tried in each case and motions *in limine* that may limit the evidence that the parties will be permitted to present to prove those facts.  In light of the Trust's candid admission that the MWE

case and this case will necessarily be tried together, a single court – this Court – should consider and determine the dispositive motions that will shape that trial.

The Litigation Trust argues that reference withdrawal is premature because the dispositive motion deadline is in June 2013. The Trust is right about the deadline but wrong about its import. There are many issues in this matter suitable for dispositive motion practice in the very near-term. Motions for summary judgment will likely be filed soon after the cease of fact discovery. The question of whether this Court will adjudicate those motions in the first instance – as opposed to a cumbersome combined appellate/*de novo* review process – is of immediate importance.

### E. Prejudice to the Parties Weighs in Favor of Reference Withdrawal

Finally, the Litigation Trust robotically argues that the Moving Defendants have not identified prejudice caused by keeping this case in the Bankruptcy Court "at this stage of the proceedings." (Pl.'s Resp. in Opp'n at ¶ 29). The prejudice present in this case is obvious. Allowing the MWE case and this case to go to trial in two different courts requires the Moving Defendants to prepare for and try two separate trials in two different courts and presents the very real possibility of these courts rendering different decisions on the same facts. These costs and risks are real, substantial and unnecessary.

## II. CONCLUSION

For the foregoing reasons, Moving Defendants request that the District Court withdraw the reference to the Bankruptcy Court of this adversary proceeding to consider and rule on dispositive motions and to conduct the trial, if necessary.

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Brian P. Muething (0076315)
Danielle M. D'Addesa (0076513)
David T. Bules (0083834)
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
bmuething@kmklaw.com
ddaddesa@kmklaw.com
dbules@kmklaw.com

*Attorneys for Defendants,*
*Lee Morgan, Asha Moran, Chandra Attiken,*
*Marty Moran, Lee Morgan GDOT Trust #1,*
*Lee Morgan GDOT Trust #2, Lee Morgan*
*GDOT Trust #3, Lee Morgan Pourover Trust*
*#1, and Lee Morgan Pourover Trust #2*

OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Oh 45202
(513) 579-6400

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2012 a copy of the foregoing Reply Brief in Support of Motion to Withdraw the Reference to the Bankruptcy Court was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docketing system.


/s/ Michael L. Scheier
Michael L. Scheier

4656256.3