IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE ANTIOCH COMPANY LITIGATION TRUST, | : : : | Civil Case No. 3:10-cv-156 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | Bankruptcy Case No. 08-35741 |
| v. | : : | Adv. Pro. 09-03409 |
| LEE MORGAN, *et al.*, | : : | Judge Guy R. Humphrey |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTION TO WITHDRAW THE
REFERENCE TO THE BANKRUPTCY COURT (Doc. 43)**

This civil action is before the Court on Defendants' motion to withdraw the reference to the Bankruptcy Court (Doc. 43) and the parties' responsive memoranda (Docs. 45, 52, 53).

**I. BACKGROUND FACTS**

Defendants Lee Morgan, Asha Moran, Chandra Attiken, and Marty Moran ("Defendants")[1] move to withdraw the reference to the Bankruptcy Court now that fact discovery is set to close on November 30, 2012, so that this Court can decide dispositive summary judgment motions and conduct trial, if necessary. The Trust concedes that the reference should be withdrawn, but contends that the motion is premature and that the reference should be withdrawn after the Bankruptcy Judge issues his Report and Recommendation to this Court regarding dispositive motions. (Doc. 45).

---

[1] Defendants are joined by Defendants Houlihan Lokey who support the motion to withdraw the reference. (*See* Doc. 53).

## II. ANALYSIS

The district courts have "original and exclusive jurisdiction of all cases under title 11 [the Bankruptcy Code]." 28 U.S.C. § 1334(a). A District Court may refer matters under or related to title 11 to a bankruptcy judge. 28 U.S.C. § 157(a). The Southern District of Ohio does so automatically through a standing order of reference.[2]

The District Court, however, may withdraw the reference to the Bankruptcy Court "for cause shown." 28 U.S.C. § 157(d). This is known as "permissive withdrawal." Although Congress did not define what constitutes "cause" to withdraw the reference, courts have developed five generally accepted factors that guide whether "cause" exists: (1) the core or non-core nature of the proceeding; (2) the efficient use of judicial resources and other considerations of efficiency; (3) prevention of forum shopping; (4) the presence of a jury demand; and (5) uniform bankruptcy administration.[3] *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

### A. Core v. Non-Core

While a determination that a proceeding is non-core may weigh in favor of withdrawal, "the fact that a proceeding is non-core, by itself, does not establish 'cause' to withdraw." *The Plan Adm' r v. Lone Star RV Sales, Inc.*, 324 B.R. 50, fn. 2 (N.D. Ill. 2005). In fact, while the core/non-core distinction is important, no one factor is dispositive. *In re Extended Stay, Inc.*, 466 B.R. 188, 197 (S.D.N.Y. 2011).

---

[2] *See* Southern District of Ohio General Order No. 05-02.

[3] The fifth factor, uniform bankruptcy administration, is not relevant to this case.

The Trustee's amended complaint contains thirteen counts. (Case No. 3:09cv218, Doc. 14). Eleven claims allege liability and damages that are non-core tort claims. However, the Litigation Trust suggests that the "equitable subordination" claim that it asserted against eight of the twenty-nine co-defendants and which is based upon breaches of state law, should be decided by the Bankruptcy Judge.[4] While it may be "beneficial" for the Bankruptcy Judge to decide the non-core claims, the fact remains that the vast majority of these claims are non-core and therefore this factor weighs in favor of withdrawal of the reference.

### B. Judicial Efficiency

The parties have recognized that issues in this case substantially overlap with the MWE litigation. Under these circumstances, it is more efficient to have one judge oversee both matters, including adjudicating the dispositive motions which will overlap. The Trust admits that dispositive motions in both cases will ultimately be decided by this Court; the Trust suggests, however, that this Court can coordinate consideration of a dispositive motion in the MWE case with its consideration of objections to the recommendations of the Bankruptcy Court on dispositive motions in this case.

It makes no practical sense for this Court to hold consideration of MWE's summary judgment motion in abeyance until the Bankruptcy Court sends its

---

[4] The Trust fails to cite any case law indicating that two non-core claims provide a basis to deny withdrawal of the reference in a case dominated by non-core state law tort claims.

recommendations on dispositive summary judgment motions to this Court, after which objections to the Bankruptcy Court's recommendations will need to be briefed, all so that the motions can be considered "together" by this Court.[5] *See, e.g., Gecker v. Marathon Fin. Ins. Co., Inc.*, 391 B.R. 613, 616 (N.D. Ill. 2008) (reference withdrawal is appropriate "prior to the filing of dispositive motions on non-core claims in order to avoid the inefficiency of two different judges ruling on essentially the same motion.").[6]

Ultimately, the Court finds that it is most efficient to withdraw the reference so that this Court can determine all of these matters in the first instance.

**C.    Forum Shopping**

Defendants suggest that the Trust is forum shopping because the adversary case was filed in the Bankruptcy Court while the MWE action was filed in District Court. The Trust denies this allegation, claiming that the commencement of the MWE action in the Bankruptcy Court was necessitated because the Trust was nearing the statute of limitations deadline and was unable to reach a tolling agreement related to the malpractice claims that are subject of the MWE action. Moreover, forum shopping is not an issue because this Court will eventually determine the non-core claims and if and when there is

---

[5] For example, on the motions to dismiss filed earlier in this case, the Bankruptcy Court sent its recommendations to this Court nearly one year after they were briefed and then this Court had to wait an additional two months until objections to those recommendations were fully briefed.

[6] *See also Travelers Ins. Co. v. Goldberg*, 135 B.R. 788, 792-793 (D. Md. 1992) (bankruptcy court handling pre-trial matters, including dispositive motions, is a "limited and inefficient tool" because of *de novo* review).

a trial.

The Court finds no evidence that the Trust was forum shopping, and, therefore, this factor does not urge permissive withdrawal.

**D. Jury Demand**

Plaintiff has made a jury demand and therefore this Court will ultimately need to withdraw the reference and try the case since all parties do not consent to a jury trial in the Bankruptcy Court. The Trust admits that the MWE litigation and this case will eventually be tried together in this Court; but the Trust maintains that the reference withdrawal is premature because the dispositive motion deadline is not until June 2013. Conversely, the Defendants suggest that motions for summary judgment will likely be filed shortly after the close of fact discovery on November 30, 2012. Therefore, this factor weighs in favor of the moving party.

The Court finds that it makes good sense to withdraw the reference at the close of fact discovery, so that this Court can define the scope of facts and issues to be tried in both cases. Weighing each of the factors, the Court finds that there is cause for withdrawing the reference.

### III. CONCLUSION

Accordingly, for the reasons stated here, Defendants' motion to withdraw the reference to the Bankruptcy Court (Doc. 43) is hereby **GRANTED** and the reference of this case to the Bankruptcy Judge is hereby **VACATED**.

**IT IS SO ORDERED.**

Date:  November 19, 2012                                             *s/ Timothy S. Black*
                                                                    Timothy S. Black
                                                                    United States District Judge