## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ANTIOCH LITIGATION TRUST, W. TIMOTHY MILLER, TRUSTEE, | Case No. 3:09-cv-218 |
| | Judge Timothy S. Black |
| Plaintiff, | |
| vs. | |
| MCDERMOTT WILL & EMERY LLP, | |
| Defendant. | |

| | |
|---|---|
| THE ANTIOCH COMPANY LITIGATION TRUST, | Case No. 3:10-cv-156 |
| | Judge Timothy S. Black |
| Plaintiff, | |
| vs. | |
| LEE MORGAN, *et al.*, | |
| Defendants. | |

**ORDER: (1) GRANTING DEFENDANTS' MOTION TO SUPPLEMENT THE STIPULATED PLAN AND ORDER FOR DISCOVERY (Doc. 46 in Case No. 3:10cv156); and (2) GRANTING IN PART AND DENYING IN PART MWE'S MOTION TO STAY AND REQUIRE THE BANKRUPTCY CASE TO PROCEED AS SCHEDULED (Doc. 45 in Case No. 3:09cv218)**

This civil action is before the Court on Defendants' motion to supplement the stipulated plan and order for discovery (Doc. 46),[1] and the parties' responsive

---

[1] The moving "Defendants" are the Outside Director Defendants, including Ben Carlson, Malte vonMatthiessen, Denis Sanan, and Jeanine McLaughlin.  Defendants Houliham, Lokey, Howard & Zukin, Inc., and their affiliated entities, including Alan Luce, Nancy Blair and Frederick Guy Walker, join in this Motion, as do Defendants Lee Morgan, Chandra Attiken, Asha Moran, and Marty Moran.  (Doc. 46 at 2 and Doc. 55 in Case No. 3:10cv156).

memoranda (Docs. 51, 55, 57). Defendants move the Court to enter an order establishing a separate deadline for the parties to file summary judgment motions based on the statute of limitations defense (re Counts 1 and 2).

Also pending before the Court is McDermott Will & Emery LLP ("MWE")'s motion to stay the case after fact discovery ends and require the bankruptcy case to be tried first on the currently set trial date (Doc. 45) and the parties' responsive memoranda (Docs. 49, 51, 53).

**I.     MOTION TO SUPPLEMENT THE STIPULATED PLAN AND ORDER FOR COORDINATED DISCOVERY**

"[T]he parties agree that, absent tolling of the statute, the four year statute of limitations set forth in ORC § 2305.09(D) bars Counts 1 [and] 2." (Doc. 6 at 73). Thus, the only issue remaining for consideration is whether the statute of limitations should be tolled based on equitable tolling principles, to the extent they are applicable under Ohio law. (*Id*. at 5). If the Outside Director Defendants prevail on the statute of limitations defense, then a large chunk of the Trustee's claims will be eliminated, and further discovery and motion practice will be unnecessary. There is no reason for the parties to continue costly motion practice and discovery on claims that will be resolved if the statute of limitations defense is resolved early in the case. Setting an additional summary judgment deadline narrows the scope of the issues that will remain.[2]

---

[2] The issue of equitable tolling does not involve any expert testimony, and therefore there is no need to delay.

The Court finds that the interests of judicial economy will be served by setting an additional summary judgment deadline. Briefing the issues now will obviate the need for extensive briefing in June. In fact, Plaintiff does not dispute that resolving the statute of limitations defense now will greatly clarify and reduce the issues in the two cases. Accordingly, the Court finds that resolving the statute of limitations defense early will benefit the Court and the parties and expedite resolution of this litigation in the most efficient manner.[3]

## II.  MOTION TO STAY AND REQUIRE BANKRUPTCY CASE TO PROCEED AS SCHEDULED

MWE seeks both a stay of its case while the bankruptcy case moves forward and an order that the bankruptcy case be tried first, on the date currently set, so that MWE can assert collateral estoppel if certain rulings are made, thereby reducing the scope of issues necessary for trial in the MWE case.

Without addressing the substantive issues related to collateral estoppel and consolidation, the Court finds that it is premature to make any determination as to what case should be tried first or if the cases should be tried together, until this Court resolves the various summary judgment motions that will be filed and thereupon determines exactly what claims, if any, are left to be tried.

---

[3] *See* Rule 1 of the Federal Rules of Civil Procedure.

### III.     CONCLUSION

Therefore, for the reasons stated:

1. Defendants' motion (Doc. 46 in 3:10cv156) is hereby **GRANTED**. The Stipulated Plan and Order of Discovery is hereby amended to add a deadline of **January 22, 2013** for the filing of summary judgment motions relating to the statute of limitations defense. The parties can still file motions for summary judgment as to other claims and defenses on or before June 14, 2013;

2. MWE's motion (Doc. 45 in 3:09cv218) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, **both cases are stayed upon the conclusion of fact discovery**. Upon determination of the outstanding statute of limitations defenses, the Court will convene with the parties to determine the most expeditious manner in which to proceed. **The parties shall preserve the current trial date**; and

3. **These civil actions are set for a status conference by telephone on March 11, 2013 at 10:30 a.m.**[4]

**IT IS SO ORDERED.**

Date:  November 27, 2012                     *s/ Timothy S. Black*
                                             Timothy S. Black
                                             United States District Judge

---

[4] COUNSEL SHALL CALL: 1-888-684-8852; Access code: 8411435#; Security code: 123456#, and wait on the line for the Court to join the conference.