**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| THE ANTIOCH COMPANY LITIGATION TRUST, | : : | Civil Case No. 3:10-cv-156 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| v. | : : | |
| LEE MORGAN, *et al.*, | : : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR RECONSIDERATION
(Docs. 44; 47; 48; 54 and 58)**

This civil action is presently before the Court on: (1) Defendant Houlihan, Lokey, Howard & Zukin, Inc. ("Houlihan Lokey")'s motion for reconsideration (Doc. 44) and the parties' responsive memoranda (Docs. 50, 64); (2) Defendants Lee Morgan, Asha Moran, Chandra Attiken, and Marty Moran ("Morgan Defendants")'s motion for reconsideration (Doc. 47) and the parties' responsive memoranda (Docs. 50, 66); (3) Candlewood Partners LLC's motion for reconsideration (Doc. 48) and the responsive memorandum (Doc. 50); (4) Defendants Ben Carlson, Jeanine McLaughlin, Dennis Sanan, and Malte Von Matthiessen ("Outside Director Defendants")'s motion for reconsideration (Doc. 54) and the parties' responsive memoranda (Docs. 67, 69); and (5) Defendants Nancy Blair, Wayne Alan Luce, and Frederick Walker's motion for reconsideration (Doc. 58) and the responsive memorandum (Doc. 68).

## I.     BACKGROUND FACTS

Pursuant to Fed. R. Civ. P. 54(c), Defendants move this Court to reconsider its decision and entry: (1) adopting the report and recommendations of the United States Bankruptcy Judge granting in part and denying in part Defendants' motions to dismiss certain non-core causes of action; and (2) overruling Defendants' objections with respect to Counts two, five, seven, nine, and eleven of the amended complaint.  Defendants argue that this Court should dismiss the aiding-and-abetting claims based on the recent decision of the Supreme Court of Ohio holding that Ohio law does not recognize a claim for aiding and abetting another person's tortious conduct.  *DeVries Dairy, LLC v. White Eagle Coop. Ass'n*, 974 N.E.2d 1194 (Ohio 2012).

## II.     PROCEDURAL BACKGROUND

Defendants originally filed motions to dismiss various claims asserted against them, including the aiding-and-abetting claims.  On April 28, 2011, the Bankruptcy Court issued its Recommendations to this Court to deny in part and grant in part various motions to dismiss certain non-core causes of action.  (Bankr. Doc. 239) (the "Recommendations").  In the Recommendations, the Bankruptcy Court, while acknowledging that the Supreme Court of Ohio had not directly ruled on the issue, found that Ohio law would recognize a claim for aiding-and-abetting a breach of fiduciary duty. On August 12, 2011, this Court accepted the Recommendations and entered the Decision and Entry denying Defendants' motion to dismiss the aiding-and-abetting claims and other claims against them.  (Doc. 26).  On August 28, 2012, the Supreme Court of Ohio issued its decision in *DeVries Dairy*.

On September 12, 2011, Plaintiff filed an Amended Complaint (Bankr. Doc. 275), which alleges the same aiding-and-abetting claims against the Defendants as the original Complaint. (Bankr. Amended Complaint at ¶¶ 170-174, 186-190, 197-201).

### III.    STANDARD OF REVIEW

District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004).[1]  "[C]ourts will find jurisdiction for reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson County Metro Gov't v. Hotels.com,* 590 F.3d 381, 389 (6th Cir. 2009).

### IV.    ANALYSIS

In the Recommendations, which this Court adopted, the Bankruptcy Court concluded that the Supreme Court of Ohio had not directly ruled on whether claims of aiding-and-abetting another person's tortious conduct were viable in Ohio, and anticipated that if faced with the question, the Supreme Court of Ohio would recognize a claim for aiding-and-abetting a breach of fiduciary duty. The Bankruptcy Court cited a decision in which the Sixth Circuit opined that the Supreme Court of Ohio would recognize aiding and abetting claims if it were faced squarely with the issue.

---

[1] Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b). *Id.*

(Recommendations at 119) (citing *Aetna Cas. And Sur. Co. v. Leahey Constr. Co., Inc.*, 219 F.3d 519, 523 (6th Cir. 2000)). The Bankruptcy Court concluded that "[i]n the absence of a subsequent change in state law, this court is bound to follow the Sixth Circuit's opinion regarding Ohio law in Aetna Casualty." (Recommendations at 119-20).

Subsequent to the filing of the Recommendations and their adoption by this Court, the United States District Court for the Northern District of Ohio certified to the Ohio Supreme Court the precise question of Ohio law at issue here: "Under the applicable circumstances, does Ohio recognize a cause of action for tortious acts in concert under the Restatement (2d) of Torts, § 876?" *DeVries Dairy* at ¶ 1. The Supreme Court determined that:

> The certified question is answered in the negative. This court has never recognized a claim under 4 Restatement 2d of Torts, § 876 (1979), and we decline to do so under the circumstances of this case.

*Id.* at ¶ 2.

Following the Supreme Court of Ohio's directive in *DeVries Dairy*, Ohio courts are now dismissing claims for aiding-and-abetting a breach of fiduciary duty on the grounds that Ohio does not recognize a claim against "persons 'participating' in the direct actor's breach of fiduciary duty." *Sacksteder v. Senney*, No. 24993, 2012 Ohio App. LEXIS 3914, at ¶¶ 72-76 (Ohio Ct. App. Sept. 28, 2012).

This Court also recently interpreted the *Devries Dairy* decision, holding that "it is clear now that a claim under Section 876 for aiding and abetting tortious conduct is not cognizable under Ohio law." *Pharos Capital Partners v. Touche (In re Nat'l Century*

*Fin. Enters.)*, Nos. 2:03md1565, 2:03cv362, 2012 U.S. Dist. LEXIS 154042, 66-67 (S.D. Ohio Oct. 26, 2012).

Most recently, in *Bash v. Textron Fin. Corp.*, No. 5:12cv987, 2012 U.S. Dist. LEXIS 161186 (N.D. Ohio Nov. 9, 2012), the district court reviewed the report and recommendations of the bankruptcy court in the context of an adversary proceeding where the trustee's complaint included claims for "aiding and abetting" and "aiding and abetting breach of fiduciary duty." *Id.* at 16. As in the instant case, the bankruptcy judge relied on the Sixth Circuit's decision in *Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 533 (6th Cir. 2000), in concluding that "Ohio would recognize claims for 'aiding and abetting' if squarely faced with the issue." *Id.* The court, however, rejected the trustee's attempt to limit the scope of *DeVries*, and dismissed the aiding and abetting claims. *Id.* The court ultimately asserted that "[a]lthough the [t]rustee argues that [DeVries] did not completely foreclose the possibility that Ohio would recognize a claim under different facts, the [DeVries] dissent belies the [t]rustee's argument . . . [T]he dissent acknowledges that the majority concluded that no such cause of action exists regardless of the facts presented." *Id.* at 16.

In the instant case, the Bankruptcy Court premised its determination that Ohio "recognizes or would recognize" an aiding-and-abetting claim exclusively on cases that are now discredited in the wake of *DeVries*.

### A. DeVries Dairy

First, Plaintiff argues that *DeVries Dairy* does not apply to the instant case because the holding was limited to the facts of the case and does not stand for the proposition that Ohio would never recognize a tort claim for aiding-and-abetting breach of fiduciary duty. (Doc. 50 at 5). Specifically, Plaintiff focuses on the certified question itself, which began with the qualifier, "[u]nder the applicable circumstances..." *DeVries*, 974 N.E.2d at 1194. However, in the two months since the *DeVries* decision, at least three other Ohio state and federal courts have followed suit and rejected so-called "aiding and abetting" claims in factual circumstances virtually identical to those presented in this case. Moreover, Plaintiff ignores the first part of the Supreme Court's holding – that Ohio courts have never recognized aiding-and-abetting claims – and instead focuses exclusively on the second part, which addresses the particular "circumstances of the case." The Supreme Court of Ohio held, however, both that aiding and abetting (1) has never been recognized as a valid tort in Ohio; and (2) is not a valid tort under the circumstances presented in *DeVries*.

As a result of the decision in *DeVries Dairy*, it is clear that the claims against Defendants for aiding-and-abetting breaches of fiduciary duty are simply not valid. This intervening change in the law is an appropriate ground for reconsideration of this Court's previous decision.

B. **Choice of Law**

Next, Plaintiff suggests that the Court must engaged in a "choice of law analysis" to determine whether Ohio or Minnesota law governs the aiding-and-abetting claims. However, Plaintiff has already advocated for Ohio law in various briefs.[2] Moreover, the Bankruptcy Court's Recommendations conclusively held that Ohio law applies to the aiding-and-abetting claims and all other non-core causes of action in these proceedings and this Court agreed. Judicial estoppel avoids injustice by "prevent[ing] a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 228 (2000). Accordingly, Plaintiff is judicially estopped from now asserting that Minnesota law applies.

V. **CONCLUSION**

Accordingly, for the reasons stated here:

(1) Houlihan Lokey's motion for reconsideration (Doc. 44) is hereby **GRANTED** and Counts Two and Seven of the Amended Complaint against Houlihan Lokey are **DISMISSED WITH PREJUDICE**.

(2) Morgan Defendants' motion for reconsideration (Doc. 47) is hereby **GRANTED** and Counts Two, Seven, Nine, and Eleven of the Amended Complaint against Lee Morgan, Asha Moran, Chandra Attiken, and Marty Moran are **DISMISSED WITH PREJUDICE**.

---

[2] The Bankruptcy Court determined in its Recommendations that "[a]ll the parties agree that substantive Ohio law applies to the non-core causes of action." (Recommendations at 29). The Trustee had the opportunity to object to the Recommendations, but did not. Therefore, the ruling that Ohio law applies to the causes of action is now the law of the case. *In re Commercial Money Ctr., Inc. Equip. Lease Litig.*, 627 F. Supp. 2d 786, 796 (N.D. Ohio 2009).

-8-

(3) Candlewood Partners's motion for reconsideration (Doc. 48) is hereby **GRANTED** and Count Seven of the Amended Complaint against Candlewood Partners is **DISMISSED WITH PREJUDICE**.

(4) The Outside Director Defendants' motion for reconsideration (Doc. 54) is hereby **GRANTED** and Counts Two, Five, and Seven of the Amended Complaint against the Outside Director Defendants are **DISMISSED WITH PREJUDICE**.

(5) Defendants Nancy Blair, Wayne Alan Luce, and Frederick Walker's motion for reconsideration (Doc. 58) is hereby **GRANTED** and Counts Two, Five, and Seven of the Amended Complaint against Blair, Luce, and Walker are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date: 12/31/12                                                          *s/ Timothy S. Black*
                                                                         Timothy S. Black
                                                                         United States District Judge