UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE ANTIOCH COMPANY LITIGATION TRUST, | ) ) ) | Case No. 3:10-cv-00156 |
| | ) | (Judge Timothy S. Black) |
| Plaintiff, | ) ) | |
| -v- | ) ) | |
| LEE MORGAN, et al., | ) ) | |
| Defendants. | ) | |

## MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LEE MORGAN, CHANDRA ATTIKEN AND ASHA MORAN AS TO COUNT 1 OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 56, Defendants Lee Morgan, Asha Moran, and Chandra Attiken (the "Moving Defendants") move the Court for an Order granting summary judgment in their favor as to Count 1 of the First Amended Complaint filed by The Antioch Company Litigation Trust, W. Timothy Miller, Trustee (the "Trustee") on the grounds that it is barred by Ohio's four-year statute of limitation applicable to breach of fiduciary duty claims. There is no genuine issue as to any material fact concerning the running of the statute of limitation and the Moving Defendants are therefore entitled to judgment as a matter of law.

The grounds for this Motion are more fully set forth in the Moving Defendants' Statement of Proposed Undisputed Facts and the accompanying Memorandum in Support.

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Brian P. Muething (0076315)
Danielle M. D'Addesa (0076513)
David T. Bules (0083834)
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
bmuething@kmklaw.com
ddaddesa@kmklaw.com
dbules@kmklaw.com

*Attorneys for Defendants,
Lee Morgan, Asha Moran, Chandra Attiken,
Marty Moran, Lee Morgan GDOT Trust #1,
Lee Morgan GDOT Trust #2, Lee Morgan
GDOT Trust #3, Lee Morgan Pourover Trust
#1, and Lee Morgan Pourover Trust #2*

OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

Statutes of limitation "serve a gatekeeping function for courts by (1) ensuring fairness to the defendant, (2) encouraging prompt prosecution of causes of action, (3) suppressing stale and fraudulent claims, and (4) avoiding the inconveniences engendered by delay." *Doe v. Archdiocese of Cincinnati*, 109 Ohio St. 3d 491, 849 N.E.2d 268, 272 (Ohio 2006). After nearly eighteen months of discovery, each of these purposes will be served by granting summary judgment in favor of the Moving Defendants as to Count 1 of the Trustee's First Amended Complaint. *See also Fish v. GreatBanc Trust Co.*, Case No. 09-cv-01668, 2012 U.S. Dist. LEXIS 129699 (N.D. Ill. Sept. 12, 2012) (entering summary judgment for Moving Defendants on ERISA claims based on same facts as Count 1 on statute of limitation grounds) (discussed below in Section IV.B.).

The Court should enter summary judgment in favor of Moving Defendants because their conduct with respect to the December 16, 2003 transaction (the "Transaction"), whereby The Antioch Company (the "Company") became 100% owned by The Antioch Company Employee Stock Ownership Plan (the "ESOP"), occurred more than four years prior to the filing of this lawsuit. (*See generally* Moving Defendants' Statement of Proposed Undisputed Facts ("Facts")).[1] The Trustee concedes that his state law breach of fiduciary duty claim in Count 1 accrued no later than December 16, 2003 because the acts constituting these alleged breaches took place in 2003 and the alleged impairment of the Company's interests arising out of the Transaction occurred when the Transaction closed. The Transaction was not hidden or

---

[1] The factual background underlying Count 1 is more fully set forth in the Moving Defendants' Statement of Proposed Undisputed Facts filed in conjunction with this Motion and Memorandum in Support.

concealed, but was forthrightly disclosed, and accordingly there are no facts justifying application of any tolling doctrines to the statute of limitation.

## II. PROCEDURAL BACKGROUND

When the parties filed their Rule 12(b)(6) motions to dismiss, they agreed that O.R.C. § 2305.09(D) sets forth a four-year statute of limitation for common law breach of fiduciary duty claims under Ohio law. (*See* Doc. 6 – Report and Recommendations to Deny in Part and Grant in Part Various Defendants' Motions to Dismiss Certain Non-Core Causes of Action at 71; Doc. 26 – Decision and Entry Adopting Report and Recommendations and Overruling Defendants' Objections at 5). Judge Humphrey determined that the conduct set forth in Count 1 occurred more than four years before the Complaint was filed. (Doc. 6 at 72). He further determined that "there is no dispute that the impairment of Antioch's interests arising out of the 2003 Transaction occurred on December 16, 2003 when the 2003 Transaction closed. Thus, Antioch's causes of action under Counts 1 and 2 accrued, at the latest, on December 16, 2003." (*Id*.).

Judge Humphrey also noted that the parties (including the Litigation Trustee) agreed that Count 1 of the Trustee's Complaint would be barred by the four-year statute of limitation "absent the tolling of the statute of limitation." (Doc. 6 at 72).

Judge Humphrey ultimately recommended that this Court deny the Defendants' Motions to Dismiss without prejudice, to allow discovery to proceed, with the Court later being able to determine if the facts would "establish the exceptional and extraordinary circumstances warranting application of the doctrine of equitable tolling," as advocated by the Trustee. (Doc. 6 at 87). With respect to another tolling theory advanced by the Trustee in opposing the Motions to Dismiss, adverse domination, Judge Humphrey concluded that he "cannot recommend a finding that the Supreme Court of Ohio would presently adopt this doctrine." (*Id*. at 95). The Trustee did not file any objections to Judge Humphrey's Report and Recommendations.

This Court adopted Judge Humphrey's recommendations with respect to equitable tolling, holding that "whether equitable tolling applies is a factual question, and such a finding is premature at this stage of the litigation." (Doc. 26 at 5). The Court did not alter Judge Humphrey's recommendation that Ohio law does not recognize adverse domination. (*Id*.). As this Court has mentioned in its prior rulings, the Trustee "had the opportunity to object to the Recommendations, but did not." (Doc. 71 at n.2).  The ruling that "absent tolling of the statute," the four-year statute of limitation set forth in O.R.C. § 2305.09(D) bars Count 1 of the Trustee's Amended Complaint (Doc. 6 at 73), "is now the law of the case." (Doc. 71 at n. 2).

### III. <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is appropriate where "the movant shows that there is no genuine as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Cox v. Kentucky Dept. of Trans.*, 53 F.3d 146, 149 (6th Cir. 1995).  The moving party has the initial burden to establish that no genuine issue of material fact remains and it is entitled to judgment as a matter of law. *Cox*, 53 F.3d at 149.  Once the moving party satisfies this burden, the burden shifts to the nonmoving party to produce evidence showing the existence of a genuine issue of material fact to be resolved by the trier of fact. *Id*. at 150.

To satisfy its burden, the nonmoving party must come forward with more than a mere scintilla of evidence to overcome a motion for summary judgment. *Id.* The nonmoving party is required to "do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1480 (6th Cir. 1989)).  In other words, to avoid summary judgment, the nonmoving party must, at the very least, raise a genuine issue of material fact on each element of its prima facie case. *See, e.g., Celotex*, 477 U.S. at 322; *Street v. J.C. Bradford & Co.*, 886 F.2d at 1480.

## IV.     ARGUMENT

### A.     Count 1 is Barred by Ohio's Four-Year Statute of Limitation

The initial burden of demonstrating that there is no genuine issue of material fact as to the running of the statute of limitation is on the defendant. *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1428 (10th Cir. 1996); *Nehls v. Farmers Alliance Mut. Ins. Co.*, 2007 U.S. App. LEXIS 16333, *6-7 (10th Cir. July 10, 2007).[2] If the defendant satisfies its initial burden, and the non-moving party invokes the doctrine of equitable tolling, the plaintiff carries "the burden of proving the existence of facts, which if proven true, would warrant a tolling of the statutes of limitation." *Tiberi*, 89 F.3d at 1428; *Hamilton v. Komatsu Dresser Indus., Inc.*, 964 F.2d 600, 606 (7th Cir. 1992); *Stark v. Dynascan Corp.*, 902 F.3d 549, 551 (7th Cir. 1990); *Butler v. Am. Foods Group LLC*, 2012 U.S. Dist. LEXIS 170388, *13 (E.D. Wisc. Nov. 30, 2012); *Everplay Installation Group, Inc. v. Guindon,* 2009 U.S. Dist. LEXIS 13054, *13 (D. Colo. Dec. 2, 2009); *Walton v. Potter*, 2007 U.S. Dist. LEXIS 74926, * 8 (N.D. Ill. Oct. 5, 2007).

Common law breach of fiduciary duty claims are subject to a four-year statute of limitation under Ohio law. O.R.C. § 2305.09(D); *see also Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 546 N.E.2d 206, 209 (Ohio 1989); *Crosby v. Beam*, 83 Ohio App. 3d 501, 615 N.E.2d 294, 300 (6th Dist. 1992); *Helman v. EPL Prolong, Inc.*, 139 Ohio App. 3d 231, 743 N.E.2d 484, 497-98 (7th Dist. 2000); *Antioch Lit. Trust v. McDermott Will & Emery LLP*, 738 F.Supp.2d 758, 772 (S.D. Ohio 2010). Breach of fiduciary duty claims accrue "when the act constituting the alleged breach occurs, rather than when the breach is discovered." *Helman*, 743 N.E.2d at 497-98. In other words, the plaintiff's cause of action for breach of fiduciary duty "accrues when his

---

[2] All unreported cases are attached as Exhibit AD to the Appendix in Support of the Moving Defendants' Motion for Summary Judgment, which is being filed in conjunction with this Motion, Memorandum in Support and the Moving Defendants' Statement of Proposed Undisputed Facts.

interest is impaired by such a breach." *Jim Brown Chevrolet, Inc. v. S.R. Snodgrass, A.C.*, 141 Ohio App. 3d 583, 752 N.E.2d 335, 338 (11th Dist. 2001).

The discovery rule does not apply to breach of fiduciary duty claims. *Id.; see also Helman*, 743 N.E.2d at 497-98; *Scotts Co., LLC v. Liberty Mut. Cas. Ins. Co.*, 606 F.Supp.2d 722, 737-38 (S.D. Ohio 2009); *Kondrat v. Morris*, 118 Ohio App.3d 198, 692 N.E.2d 246, 251 (8th Dist. 1997); *Herbert v. Banc One Brokerage Corp*. 93 Ohio App. 3d 2171, 638 N.E.2d 161, 164 (1st Dist. 1994). In *Investors REIT One*, the Ohio Supreme Court held that "the legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09, including fraud and conversion, implies the exclusion of other torts arising under the statute." *Investors REIT One*, 546 N.E.2d at 211.

Applying this law to the undisputed facts requires summary judgment in favor of the Moving Defendants on Count 1 of the Trustee's First Amended Complaint. The Trustee alleges that the Moving Defendants, and other officers and directors, breached the fiduciary duties they each owed to the Company in connection with the Transaction because they: knew that the majority of the Board of Directors was conflicted with respect to the Transaction; failed to obtain an independent opinion that the Transaction was fair to the Company; approved the Transaction despite their alleged conflicts and knowledge that the Transaction was not in the best interests of the Company at the time of the Transaction; and caused the Company to suffer damages as a result. (Facts ¶ 6 (citing Amended Complaint, ¶¶ 166-69)). As articulated by the Trustee: "they breached their fiduciary duties by not digging into the question in prior board meetings and otherwise of what is really the impact of this on the company long term. And frankly, even to some extent ignoring the short-term impacts on the company in terms of what they showed as the negative cash flow as well." (Facts ¶ 7 (quoting Trustee's deposition testimony)).

Each of these acts (or failures to act) occurred no later than December 16, 2003. Deloitte & Touche, the Company's and the Board's financial advisor, proposed the structure of what became the Transaction at a meeting in January 2003. (Facts ¶¶ 15-20). Afterwards, multiple professional and legal advisors were engaged in 2003 to represent the interests of the Company, the ESOP, and the outside, non-ESOP shareholders with respect to the potential transaction, including Deloitte & Touche (the Company's financial advisor), Houlihan Lokey Howard & Zukin (financial advisor to Board as to fairness of the Transaction to non-ESOP shareholders), GreatBanc Trust Company (independent ESOP trustee to evaluate fairness of the Transaction to ESOP), Duff & Phelps, LLC (GreatBanc's independent financial advisor), Jenkens & Gilchrest (GreatBanc's independent counsel) and McDermott Will & Emery (Company's counsel). (Facts ¶¶ 22, 24, 32-38).

As the Company continued to explore the potential transaction, alternatives to it, and eventually negotiate the terms of the Transaction that was ultimately approved, the Board of Directors met no less than six times – April 24, 2003, July 17, 2003, August 21, 2003, October 16, 2003, October 30, 2003 and December 4, 2003 – to discuss, and receive updates and presentations from the various professional and legal advisors regarding the progress, negotiation, terms, conditions and financial impact of the Transaction, as well as various alternatives to the Transaction. (Facts ¶¶ 23, 30-32, 39-46, 51, 55-59, 75-79).

The Transaction was heavily negotiated by all parties during the latter half of 2003 until a tentative agreement on the terms and conditions of the Transaction was reached in late October. (Facts ¶ 50-54). After receiving multiple presentations and thoroughly discussing the Transaction throughout 2003, the Board of Directors unanimously approved resolutions authorizing a tender

offer and submission of a proposed merger to all shareholders on October 30, 2003, including the two disinterested directors who were present. (Facts ¶ 59).

Along with the tender offer, the Company and GreatBanc distributed an extensive package of transaction materials ("Transaction Materials") explaining every material aspect of the Transaction to all non-ESOP shareholders and to all ESOP participants. (Facts ¶¶ 60-74). The purpose was to allow non-ESOP shareholders to make an informed investment decision regarding whether or not to tender their shares in connection with the Transaction, and to permit employee-owner ESOP participants to vote on the merger portion of the Transaction. (Facts ¶¶ 60-62). The ESOP participants voted overwhelmingly in favor of the Transaction (Facts ¶ 84).

After nearly one year of intense planning, negotiation, and consideration of every material aspect of the Transaction, and alternatives to it, the Board of Directors voted unanimously to approve the Transaction on December 4, 2003, the three disinterested directors included. (Facts ¶¶ 75-79). All of the outside, non-ESOP shareholders tendered their shares to the Company in exchange for $850 per share in the form of cash or a package of cash, subordinated notes and warrants after the Board received an opinion from Houlihan Lokey that the Transaction was financially fair to the selling non-ESOP shareholders. (Facts ¶¶ 54, 57, 83).[3]

The tender offer applied to shares inside the ESOP as well. (Facts ¶¶ 60-63). A material term of the Transaction was that GreatBanc could have vetoed the Transaction by tendering the Antioch shares held in the ESOP accounts. (Facts ¶¶ 63, 65, 81). GreatBanc declined to tender any shares held by the ESOP in response to the tender offer, however, because it and its independent advisors determined that the Transaction was financially fair to the ESOP and its participants. (Facts ¶ 83). GreatBanc's decision left the ESOP as the sole owner of the remaining

---

[3] The purpose of the merger step of the Transaction was to cash out the non-ESOP shares of any dissenting non-ESOP shareholder. All non-ESOP shareholders, however, voluntarily tendered.

outstanding shares of the Company. (Facts ¶83). The merger was then approved by a majority of the outstanding shares of common stock entitled to vote on December 15, 2003. (Facts ¶ 84). The Transaction closed December 16, 2003. (Facts ¶85).

This foregoing undisputed evidence shows that the conduct underlying Count 1 of the Amended Complaint occurred in 2003, more than four years prior to the Trustee filing his lawsuit, barring the Trustee's claim. *Helman*, 743 N.E.2d at 497-98. *See also* (Doc. 6, Report and Recommendations to Deny in Part and Grant in Part Various Defendants' Motions to Dismiss Certain Non-Core Causes of Action at 73). There is also no dispute that any impairment of the Company's interests arising out of the Transaction occurred on December 16, 2003 when the Transaction closed. *Jim Brown Chevrolet*, 752 N.E.2d at 338; *see also* (Doc. 6 at 73).

### B. Persuasive Authority: The Antioch Board's Pre-Transaction Disclosures Triggered ERISA Statute of Limitations and Were Sufficient to Defeat Tolling in a Related Case

The 2003 Transaction was the subject of ERISA claims prosecuted in the United States District Court for the Northern District of Illinois. In that case, the Court granted summary judgment to the Moving Defendants and dismissed ERISA breach of fiduciary duty and prohibited transaction claims based on the same facts, circumstances and Transaction underlying Count 1 of the Trustee's First Amended Complaint. The Court reasoned that the claims were barred by ERISA's three-year statute of limitation because the Transaction Materials distributed to all shareholders gave the plaintiffs actual knowledge of the Transaction facts in 2003 sufficient to start the limitations period running on December 16, 2003. *See Fish*, Case No. 09-cv-01668, 2012 U.S. Dist. LEXIS 129699, *3-4, 21-22 (N.D. Ill. Sept. 12, 2012) (attached as Exhibit A). There is no reasonable basis to distinguish this case from *Fish*, and like the *Fish* Court, this Court should enter summary judgment for the Moving Defendants.

**V.    CONCLUSION**

The evidence set forth in the Moving Defendants' Proposed Statement of Undisputed Facts, and the law set forth in this Motion and Memorandum in Support, demonstrates that the Moving Defendants have carried their initial burden of showing that Count 1 of the Trustee's First Amended Compliant is barred by Ohio's four-year statute of limitation. *Tiberi*, 89 F.3d at 1428. While the Moving Defendants anticipate that the Trustee will suggest that the statute of limitation was tolled, it is the Trustee's burden to identify facts that would warrant application of such extraordinary doctrines. *Id.* There is no evidence in the record supporting these theories, just the opposite in fact, but to the extent that the Trustee sees it otherwise, the Moving Defendants will address the Trustee's arguments in a reply brief.

Because there are no genuine issues of material fact with respect to the running of the statute of limitation as to Count 1 of the First Amended Complaint, the Court should enter summary judgment in favor of the Moving Defendants.

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Brian P. Muething (0076315)
Danielle M. D'Addesa (0076513)
David T. Bules (0083834)
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
bmuething@kmklaw.com
ddaddesa@kmklaw.com
dbules@kmklaw.com

- 10 -

*Attorneys for Defendants,*
*Lee Morgan, Asha Moran, Chandra Attiken,*
*Marty Moran, Lee Morgan GDOT Trust #1,*
*Lee Morgan GDOT Trust #2, Lee Morgan*
*GDOT Trust #3, Lee Morgan Pourover Trust*
*#1, and Lee Morgan Pourover Trust #2*

OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Oh 45202
(513) 579-6400

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of January, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docketing system.

                                              /s/ Michael L. Scheier
                                              Michael L. Scheier

4733616.2