UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE ANTIOCH COMPANY LITIGATION TRUST, W. TIMOTHY MILLER, TRUSTEE, | : : : : | Case No. 3:10-cv-156 |
| Plaintiff, | : : | Judge Timothy S. Black |
| vs. | : : | |
| LEE MORGAN, *et al.*, | : : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT (Docs. 96, 98, 100)**

This civil action is before the Court on: (1) Defendants Lee Morgan, Chandra Attiken, and Asha Moran's (hereinafter "Morgan Defendants") motion for partial summary judgment as to Count One of the amended complaint (Doc. 96) and the parties' responsive memoranda (Docs. 113, 124); (2) Defendant Nancy Blair's motion for partial summary judgment regarding the same (Doc. 98) and the parties' responsive memoranda (Docs. 113, 126); and (3) Defendants Ben Carlson, Jeanine McLaughlin, Dennis Sanan, and Malte von Matthiessen's (the "Outside Director Defendants") motion for partial summary judgment regarding the same (Doc. 100), and the parties' responsive memoranda (Docs. 113, 127).

The sole issue presented in Defendants' motions for partial summary judgment is whether the claims asserted in Count One of Plaintiff's amended complaint (breach of fiduciary duty) are barred by the applicable statute of limitations. Plaintiff argues that the

statute of limitations for the breach of fiduciary duty claim should be tolled under the doctrines of adverse domination, equitable tolling, and equitable estoppel.[1]

## I. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

---

[1] A detailed factual background is available at Doc. 6, Section III. Additionally, the undisputed facts are laid out in Doc. 97; Doc, 98, Ex. 1; Doc. 100, Ex. 1; and Doc. 113, Exs. 1-4.

## II. ANALYSIS

It is undisputed that the breach of fiduciary duty claims are subject to a four-year statute of limitations. Ohio Rev. Code § 2305.09(D). It is also undisputed that Plaintiff's cause of action for breach of fiduciary duty accrued on December 16, 2003, "when his interest [was] impaired" by the 2003 Transaction. *Jim Brown Chevrolet, Inc. v. S.R. Snodgrass, A.C.*, 752 N.E.2d 335 (Ohio App. 2001). However, Plaintiff argues that over the next four-plus years, Defendants avoided any accountability for their actions by dominating the Company and actively misleading other stakeholders in an effort to avoid any lawsuits that may expose their wrongdoing. Accordingly, Plaintiff argues that the Court should apply the doctrine of adverse domination and/or equitable tolling to stop the statute of limitations and determine that the limitations period did not expire as of November 13, 2008, when the Company filed for bankruptcy.

### A. Whether Ohio Revised Code § 2305.09 Precludes the Doctrines of Equitable Tolling and Adverse Domination

While Ohio Rev. Code §2305.09 contains express provisions for tolling the statute of limitations in certain situations, breach of fiduciary duty claims are not included. The only tolling exceptions provided for by statute are for trespassing underground, injury to mines, the wrongful taking of personal property, or fraud. [2]

---

[2] "If the action is for trespassing underground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered." Ohio Rev. Code § 2305.09.

3

While Plaintiff argues that this Court should apply equitable tolling principles, statutes of limitations are to be construed according to their terms. "A statute's wording may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act." *In re Estate of Centorbi*, 950 N.E.2d 505, 507-508 (Ohio 2011). For example, in *Investors REIT One v. Jacobs*, 546 N.E.2d 206 (Ohio 1989), the Supreme Court of Ohio noted that in enacting Section 2305.09(D), the General Assembly specifically provided for a four-year limitations period, that the period began to run on the date of the negligent act, and that the legislature articulated the limited exceptions to this rule within the statute itself. *Id.* at 210-12. Because the General Assembly expressly stated what tolling exceptions existed, courts were not free to judicially create new ones. *Id.*

The 2003 Transaction was the subject of ERISA claims prosecuted in the United States District Court for the Northern District of Illinois. *See, Fish v. Greatbank Trust Co.,* No. 09-cv-01668, 2012 U.S. Dist. LEXIS 129699, at *3-4, 21-22 (N.D. Ill. Sept. 12, 2012). In *Fish*, the Court granted summary judgment to the defendants, dismissed ERISA breach of fiduciary duty claims, and prohibited transaction claims based on the same facts, circumstances, and transaction underlying Count I of Plaintiff's amended complaint. *Id*. The Court reasoned that the claims were barred by ERISA's three-year statute of limitations because the transaction materials distributed to all shareholders gave the plaintiffs actual knowledge of the transaction facts in 2003, sufficient to start the

4

limitations period running on December 16, 2003.  There is no reason for this Court to distinguish the instant case from *Fish*.

Because Ohio Revised Code § 2305.09 does not provide for tolling breach of fiduciary duty claims, this Court cannot apply equitable tolling to Count One.  Accordingly, Count One is barred by the statute of limitations.[3]

### B. Adverse Domination

"Adverse domination is an equitable doctrine that tolls statutes of limitation for claims by corporations against its officers, directors, lawyers, and accountants as long as the corporation is controlled by those acting against its interest." *Chinese Merchants Ass'n v. Chin*, 823 N.E.2d 900, 903 (Ohio App. 2004).  Every court in Ohio that has addressed the issue has found that Ohio does not recognize any theory of equitable tolling based on the continuing control of the alleged tortfeasor over the entity accusing the tortfeasor of wrongdoing.  *Id.* ("[T]he doctrine has no support in Ohio either by statute or judicial decision").[4]  This Court declines to find otherwise.

In fact, the Report and Recommendations from the Bankruptcy Court in the instant case included a significant discussion of the history and rationale for adverse domination and continuing dominion and properly concluded that "Ohio presently does not recognize

---

[3] This Court may not consider tolling principles not provided for in Ohio Rev. Code § 2305.09, but will address the adverse domination and equitable estoppel doctrines nonetheless.

[4] *See also Squire v. Guardian Trust Co.*, 72 N.E.2d 137 (1947) ("It [adverse domination] has no support in Ohio, either by statute or judicial decision").

it as a separate equitable doctrine as an exception to the statute of limitation." (Doc. 6 at 859-60). Plaintiff did not object to those Recommendations and this Court adopted the same. (Doc. 26 at 7).[5] Accordingly, adverse domination cannot be used as a basis to toll the statute of limitations.

### C. Equitable Estoppel and Equitable Tolling

Next, Plaintiff argues that both equitable tolling and equitable estoppel should apply to toll the statute of limitations for two reasons: (1) because no interested stakeholder could bring the claim asserted in Count One prior to the expiration of the statute of limitations, and (2) because "Defendants' constant and active misrepresentations following the 2003 Transaction" satisfy the standard for fraudulent concealment or misrepresentations necessary to toll the statute of limitations under Ohio law.

####  *1. Ability to allege Count One prior to the expiration of the statute of limitations*

First, Plaintiff's theory that no interested stakeholder could bring a claim for breach of fiduciary duty prior to the expiration of the statute of limitations is nothing

---

[5] Plaintiff argues that the law-of-the-case doctrine does not apply to the adverse-domination ruling because it was allegedly *dicta* made in an interlocutory order and this Court should reconsider its prior ruling. While application of the law-of-the-case doctrine is technically discretionary when a higher court's mandate is not involved, district courts should not disturb their own prior rulings, even determinations made in interlocutory orders, unless extraordinary circumstances exist. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances"). There are no extraordinary circumstances that warrant this Court to revisit its prior ruling.

more than a repackaging of adverse domination and therefore fails under Ohio law. Additionally, all ESOP participants had the legal right and opportunity to file a shareholder-derivative action on Antioch's behalf at any time during the four-year statute of limitations. Therefore, this argument fails as a basis for tolling the statute of limitations.

### 2. *Fraudulent concealment or misrepresentations*

Next, Plaintiff argues that equitable tolling applies to cases of fraudulent concealment or misrepresentations and that Defendants constant and active misrepresentations following the 2003 transaction satisfy this standard.

The Supreme Court of Ohio has explicitly held that equitable estoppel "generally requires actual or constructive fraud." *State ex rel Ryan v. State Teachers Retirement Sys.*, 643 N.E.2d 1122 (1994). Since this Court and the Bankruptcy Court have already concluded that no fraud has even been alleged, Plaintiff's equitable tolling argument fails as a matter of law. (*See* Doc. 6 at 80; Doc. 26 at 7).[6]

---

[6] Plaintiff cites *Wuliger v. Star Bank*, No. 3:02cv1513, 2008 U.S. Dist. LEXIS 54575 (N.D. Ohio June 4, 2008), in an attempt to contradict the fact that no Ohio appellate court has ever tolled the statute of limitations for a breach-of-fiduciary-duty claim. Not only is *Wuliger* not a decision of an Ohio appellate court, but the court in that case was merely ruling on a motion for judgment on the pleadings. The plaintiffs in *Wuliger* did not sue for breach of fiduciary duty, and *Wuliger* did not toll claims for breach of fiduciary duty. *See also Bridge v. Ocwen Fed. Bank FSB*, No. 1:07cv2739, 2013 U.S. Dist. LEXIS 11996, at *32-33 (N.D. Ohio Jan. 29, 2013) (suggesting that *Wuliger* was an outlier decision). Plaintiff offers no decision of an Ohio appellate court in which a plaintiff survived a motion for summary judgment on statute of limitations grounds under Section 2305.09(D) based on a finding that the statute was equitably tolled. In fact, subsequent decisions by the same court in the same receivership rejected equitable tolling arguments, demonstrating the extreme difficulty that a plaintiff has in

Even assuming Plaintiff's theory that any misrepresentation can be grounds for equitable estoppel or equitable tolling under Ohio law, Plaintiff still fails to establish the requisite elements of equitable tolling.

> In order to prevail on a claim of equitable estoppel, a plaintiff must prove four elements: (1) that the defendant made a factual misrepresentation; (2) that it was misleading; (3) that it induced actual reliance which is reasonable and in good faith; and (4) that it caused detriment to the replying party. In the context of a statute of limitations defense, a plaintiff must show either an affirmative statement that the statutory period to bring an action was larger than it actually was or promises to make a better settlement of the claim if plaintiff did not bring the threatened suit or similar representations or conduct on defendant's part.

*Luft v. Perry Cnty. Lumber & Supply Co.*, No. 11AP-16, 2011 Ohio App. LEXIS 5589, at ¶ 74 (Ohio App. Dec. 29, 2011). With regard to the first two elements, "the Ohio Supreme Court has indicated a showing of 'actual or constructive fraud' is necessary." *Livingston v. Diocese of Cleveland*, 710 N.E.2d 330, 339 (Ohio App. Feb. 17, 1998) (*quoting State ex rel. Ryan*, 643 N.E.2d at 1127). Since Plaintiff failed to allege a claim of fraud against the Defendants or produce any evidence that the Defendants made misrepresentations or took any action "aimed at misleading [plaintiffs] with regard to the

---

establishing the essential elements of equitable tolling. *Javitch v. Capwill*, No. 3:01cv7371, 2011 U.S. Dist. LEXIS 26497, at *17-18 (N.D. Ohio March 15, 2011) (granting summary judgment on statute of limitations grounds under Section 2305.09(D) and rejecting equitable tolling argument because the plaintiff failed to show that the defendant made a misrepresentation that was calculated to induce the plaintiff to forgo the right to sue); *Wuliger v. Cannella Response Television, Inc.*, No. 3:05cv854, 2011 U.S. Dist. LEXIS 4400, at *19-20 (N.D. Ohio Jan. 14, 2011) (rejecting equitable tolling argument because the plaintiff failed to show that the defendant took "active steps" of concealment that would have prevented the plaintiff form suing on time, and failed to explain how the plaintiff reasonably relied on the alleged misrepresentations).

8

filing of their claims," there is no basis for tolling the statute of limitations. *Livingston*, 710 N.E.2d at 339. The doctrine applies only "sparingly and in exceptional circumstances." *In Re Regency Vill. Certificate of Need Application*, No. 11AP-41, 2011 Ohio App. LEXIS 4178, at *22 (Ohio App. Sept. 30, 2011).

While Plaintiff maintains that equitable estoppel is distinct from equitable tolling and that both doctrines provide exceptions to save Plaintiff's claim here, cases applying the doctrines frequently use overlapping analyses to measure defendants' conduct. Plaintiff bears the substantial burden of establishing a misrepresentation "calculated to induce a plaintiff to forgo the right to sue." *Allen v. Andersen Windows*, Inc., No. 2:12cv347, 2012 U.S. Dist. LEXIS 180320, at *45 (S.D. Ohio Dec. 20, 2012) ("Ohio cases have held that when applied to a limitations defense, a plaintiff must show that the defendant misrepresented the length of the limitations period, promised a better settlement if the plaintiff did not bring suit, or made similar representations to induce a delay in bringing suit."). Plaintiff produced no evidence or argument regarding actual and justifiable reliance, and these elements are required to support equitable estoppel. Additionally, Plaintiff produced no evidence or argument of representations related to the limitations period, settlement, etc. Such evidence is required in order to overcome a statute of limitations defense.

No Ohio appellate court has ever tolled the statute of limitations under Section 2305.09 on any equitable ground. This case is no exception. Accordingly, equitable estoppel and equitable tolling do not apply to toll the statute of limitations.

### III.  CONCLUSION

Accordingly, for the foregoing reasons:

(1) The Morgan Defendants' motion for partial summary judgment (Doc. 96) is **GRANTED**;

(2) Defendant Nancy Blair's motion for partial summary judgment (Doc. 98) is **GRANTED**;

(3) The Outside Director Defendants' motion for partial summary judgment (Doc. 100) is **GRANTED**; and

(4) Therefore, Count I of the amended complaint (breach of fiduciary duty) is barred by the statute of limitations and is hereby **DISMISSED** as a matter of law.

**IT IS SO ORDERED**.

Date:  4/1/13                                               *s/ Timothy S. Black*
                                                                        Timothy S. Black
                                                                        United States District Judge