## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **THE ANTIOCH COMPANY** | ) | **Case No. 3:10-cv-00156** |
| **LITIGATION TRUST** | ) | |
| | ) | **(Judge Timothy S. Black)** |
| **Plaintiff,** | ) | |
| | ) | |
| **-v-** | ) | |
| | ) | |
| **LEE MORGAN, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANT CHANDRA ATTIKEN'S MOTION FOR SUMMARY JUDGMENT

In a short and straight-forward Motion for Summary Judgment, Defendant Chandra Attiken set forth law showing that she cannot be held liable for the alleged fiduciary breaches of other officers and/or directors merely by virtue of her status as Vice President of Human Resources, but that participation in the alleged wrong is required before liability can attach.  She then proffered indisputable evidence showing that she did not participate in the Antioch Company's sale process, which is the basis for the only remaining claim against her.

In response, Plaintiff addresses arguments never made, cites irrelevant law and issues, and attacks Ms. Attiken's character, but does not identify a shred of evidence disputing that Ms. Attiken had no substantive involvement in the origination, design, development, evaluation or execution of the sale process.  Because this is undisputed, and because she was never an Antioch director, the Court should enter summary judgment in her favor on the sole remaining substantive claim against her.

I.  **ARGUMENT**

A.  **Ms. Attiken Is Entitled to Summary Judgment Because the Record Contains No Evidence That She Participated in the Sale Process.**

In our opening brief, we cited the Court to black letter Ohio law that requires the officer to have participated in the commission of the act at issue for liability to attach. (*See* Mem. in Support of Attiken Mot. for Summ. J. at 2–4.) Plaintiff offers virtually no rebuttal to this law in its response memorandum.[1]

And as to facts, Plaintiff does not identify affirmative evidence that Ms. Attiken materially participated in the sale process underlying Count Six of its Complaint. Plaintiff does not and cannot dispute that every witness to testify in this case has stated that Ms. Attiken had no material involvement in the Company's sale process. (Nancy Blair Dep. 422:1–424:13, Apr. 25, 2012; Kimberly Lipson-Wilson Dep. 560:9–24, 562:14–18, Feb. 2, 2012; Stephen Martin Dep. 127:21–128:2, Oct. 26, 2012; James Shein Dep. 257:7–258:6, Nov. 7, 2012; Malte vonMatthiessen Dep. 470:10–15, 495:2–22, June 5, 2012. *See also* Chandra Attiken Dep. 12:19–14:11, Mar. 27, 2012.) Nor can it dispute that she was in no way involved with vetting or analyzing offers for purchase. (Blair Dep. 422:1–24, 423:25–424:13; Shein Dep. 257:25–258:6; vonMatthiessen Dep. 495:16–22.) It cannot dispute that she never attended a meeting of the Special Transaction Committee. (Attiken Dep. 13:4–12; Lipson-Wilson Dep. 560:16–24.) It cannot dispute that she never brought potential purchasers to the Committee. (vonMatthiessen Dep. 470:10–15.) And it cannot dispute that she never interacted with either the investment advisor to the Special Transaction Committee, Houlihan Lokey, or the investment advisor to Lee

[1] The only case cited in Ms. Attiken's Motion for Summary Judgment that Plaintiff even *attempts* to address is *Seale v. Citizens Sav. & Loan Assoc.*, 806 F.2d 99 (6th Cir. 1986). (Pl.'s Mem. in Opp. p. 16.) Plaintiff points out that the case involves a claim from a third party rather than the corporation itself, but fails to explain why this distinction should make any difference in the Court's analysis. When confronted with a decision that *did* involve a breach of fiduciary duty claim against former officers of bankrupt company (*In re Amcast Indus. Corp.*, 365 B.R. 91 (Bankr. S.D. Ohio 2007)), and which also stated that corporate officers cannot be held liable merely by virtue of their officer status, Plaintiff ignores it.

Morgan, Candlewood Partners.  (Lipson-Wilson Dep. 560:9–15; Glenn Pollack Dep. 117:21–118:13, Mar. 19, 2012; Stephen Spencer Dep. 260:5–12, May 15, 2012.  *See also* Attiken Dep. 13:13–14:11.)

The only participation in the sale process Plaintiff can identify is that Ms. Attiken gathered HR-related material requested by prospective purchasers in their due diligence investigations.  Although it is true that, beginning in the second quarter of 2008, Ms. Attiken gathered these materials for distribution to potential buyers, this is not material participation in the sale process.  No other witness who did materially participate saw it otherwise.  (*See* record citations at 2-3, 7.)  Ms. Attiken was asked to gather materials retained by her human resources department, and did so.  (Attiken Dep. 14:21 – 15:13.)[2]  Extending fiduciary liability to an officer for such ministerial and isolated acts would defeat the purpose behind Ohio's requirement that an officer participate in an alleged wrongful act before liability may attach.  It is an undisputed fact that Ms. Attiken had no material involvement in the sale process underlying Count Six of Plaintiff's Complaint, and summary judgment should therefore be rendered in her favor.

### B.    Plaintiff's Response Memorandum Otherwise Fails to Address Ms. Attiken's Lack of Participation in the Sale Process.

Because Plaintiff cannot contest that Ms. Attiken must be connected to the sale process to be held liable for breaching a fiduciary duty, and because it can produce no evidence showing such a connection, Plaintiff spends the vast majority of its response memorandum addressing

---

[2] Plaintiff misrepresents the record in claiming that Ms. Attiken provided these due diligence materials "throughout the [sale] process" (Pl.'s Mem. in Opp. p. 9), as the record is devoid of such evidence, and the testimony to which Plaintiff cites clearly states that this assistance did not being until the second quarter of 2008.  (Attiken Dep. 14:21–15:13.)  This factual point, however, is not material because the question is whether Ms. Attiken participated in the sale process, and whether that participation constituted a breach of duty, not when and whether she knew the Board was looking to sell or recapitalize Antioch.

immaterial and irrelevant facts and law in hopes of surviving summary judgment.  But neither the law nor the evidence cited by Plaintiff is sufficient to do so.

1.    *The Cases Cited in Plaintiff's Memorandum Do Not Apply to Ms. Attiken's Motion.*

Plaintiff cites a series of cases supporting the proposition that a director cannot escape fiduciary liability by claiming ignorance of a wrongful act.  These cases miss the mark in two ways.  First, the Motion is not based on Ms. Attiken's ignorance or awareness of the sale process.  Nowhere does the Motion ask for relief because she was ignorant or unaware of the process.  It is, instead, the undisputed fact that she did not *participate* in the process that supports summary judgment.  Her focus during the 2007–2008 time period was indisputably on ordinary course personnel issues, which were unrelated to the sale process.  (Blair Dep. 423: 1–24; Lipson-Wilson Dep. 562:14–563:13; Attiken Dep. 81:4–19.)

And second, to continue with the obvious and the undisputed, Ms. Attiken was never a director and for this reason too the cases Plaintiff cites are irrelevant.  (Attiken Dep. 10:17–18.) Plaintiff seems to assume that the duties of officers and directors are identical under Ohio law, but cites no support for this foundational proposition.  As previously acknowledged in this case, Ohio statutes define the fiduciary duties of directors, but not officers.  *In re Antioch Co.*, 456 B.R. 791, 860 (Bankr. S.D. Ohio 2011).  Ohio statutory law requires directors to exercise responsibility for the entire corporation, while no such requirement or expectation exists for officers.  *See* Ohio Rev. Code § 1701.59 ("all the authority of a corporation shall be exercised by or under the direction of its directors").  Unlike directors, officers are only liable for the acts of a corporation "if they took part in the act, specifically directed the act to be done, or participated or

4

cooperated in the act." *In re Antioch Co.*, 456 B.R. at 860.  Ms. Attiken was never a director at the Company, and therefore the cases cited by Plaintiff are easily distinguishable.[3]

2. *The Evidence Proffered by Plaintiff Has Nothing to Do With the Sale Process.*

In addition to making a misguided argument on the law, Plaintiff also makes irrelevant arguments based on the record.  Plaintiff cites as a basis for liability purported actions by Ms. Attiken that had no connection to the sale process at all.  For example, Plaintiff focuses on the fact that Ms. Attiken was involved in executing various retention bonuses for key employees but Plaintiff fails to explain how this has anything to do with the sale process that underlies Count Six.  In fact, the retention bonuses are not mentioned a single time in the Complaint, much less in association with the claim alleged against Ms. Attiken.  Moreover, it is undisputed that the idea to pay bonuses originated with the Board of Directors and the consultants advising them in the sale process.  (Jeanine McLaughlin Dep. 218:9–219:23, June 19, 2012.)

Plaintiff also cites Ms. Attiken's role in communications to ESOP noteholders, who were not even Antioch employees or agents, as a basis for Count Six liability.  But again, her limited role in these communications is unrelated to Count Six, the only count remaining against Ms. Attiken, or to the sale process at all for that matter.[4]  Likewise, Plaintiff discusses the Condor surety in detail, but Antioch's retention of Condor is unrelated to Count Six specifically and the sale process generally.  Rather, Condor issues are found in Count Three.  Ms. Attiken is not, however, a Count Three Defendant.

---

[3] The only case cited by Plaintiff in which officers were involved was the *Geygan v. Queen City Grain Co.*, 593 N.E.2d 328 (Ohio Ct. App. 1991) decision, but both officers were also directors. *Id.* at 330. Moreover, the company at issue in *Geygan* had only two directors, a husband and wife, and the wife readily admitted that she knew her husband was engaging in forbidden speculative trading practices. *Id.* at 332.

[4] In addition, Plaintiff again misrepresents the record in concocting its argument.  Ms. Attiken's role in these communications was limited to editing and coordinating communications that were drafted by an outside consultant. (Attiken Dep. 107:12–108:9.)

5

Ms. Attiken's limited involvement with interviewing a prospective ESOP trustee, another focus of Plaintiff's memorandum, is similarly irrelevant. To begin with, the evidence shows that Ms. Attiken's only role in hiring an ESOP trustee was conducting a short telephone interview with Reliance, and this is no wonder since she was an ERISA fiduciary. (Attiken Dep. 90:13–92:20.) Steven Martin, Senior Vice President of Fiduciary Consulting at Reliance and the individual principally responsible for servicing the Antioch ESOP, does not recall ever speaking with Ms. Attiken. He testified that she played no role in the sale process, and in fact is not even aware of who she is. (Martin Dep. 38:16–22, 126:2–9, 127:21–128:2.) Ms. Attiken's limited and isolated pre-engagement contact with Reliance does not constitute participation in the sale process because it had nothing to do with marketing the Company to potential purchasers or evaluating offers from those entities but rather involved evaluation of a new ERISA fiduciary candidate (and she had no authority on that point either — it was the Board's decision on who to ultimately hire).[5]

3.      *Plaintiff's Attack on Ms. Attiken's Credibility Misrepresent the Record and Are Irrelevant to Her Lack of Participation in the Sale Process.*

Left with no reasonable argument that could defeat Ms. Attiken's Motion for Summary Judgment, Plaintiff resorts to attacking Ms. Attiken's character.

This attempt ignores the fact that every other witness who materially participated in the sale process has confirmed her testimony that she had no material role. (Blair Dep. 422:1–424:13; Lipson-Wilson Dep. 560:9–24, 562:14–18; Martin Dep. 127:21–128:2; Pollack Dep.

---

[5] Although Plaintiff attempts to argue that the sole reason for hiring Reliance was to evaluate sale offers, the plan to hire an independent trustee for the ESOP was in place before the sale process was ever initiated. The trustee preceding Reliance, Kimberly Lipson-Wilson, was only in place as the ESOP trustee to act as a "bridge" after Barry Hoskins retired from his role as trustee, until a new, independent trustee could be retained. (Lipson-Wilson Dep. 96:22–98:22.) Ms. Lipson-Wilson's service as trustee was never intended to be long term. (*Id.*) Ms. Attiken had very little involvement with hiring Reliance as the ESOP's trustee, a Board function, and Reliance's engagement as trustee would have happened independent of the sale process. (*Id.*)

117:21–118:13; Shein Dep. 257:7–258:6; Spencer Dep. 260:5–12; vonMatthiessen Dep. 470:10–15, 495:2–22.)

And although Plaintiff has attached to its Motion documentary evidence that purportedly shows an issue of fact as to at what point in time, 2007 or 2008, Ms. Attiken became *aware* of the sale process, none of this evidence demonstrates any *involvement or participation* in the process. Once again, Plaintiff makes an argument that has nothing to do with the essential issue of the remaining claim against Ms. Attiken — her lack of participation in the sale process — because Plaintiff has no other means to combat her Motion.[6]

In any event, Ms. Attiken did not make any false representations in her deposition, but only stated that she did not remember certain isolated events (many occurring during only part of a particular work day) that preceded her deposition by five to up to ten years. (*See* Pl.'s Mem. in Opp. p. 13 n.57.) Ms. Attiken's memory was often refreshed about these isolated events when shown documents to refresh her recollection, a very common approach to remind a witness of isolated events and meetings that took place long ago. *See* Fed. R. Evid. 612. Her testimony does not evidence falsehood, but as with many witnesses, she simply needed to have her recollection refreshed about events years ago, some of which lasted a matter of minutes or hours.[7]

---

[6] In *Dillon v. Morano*, 497 F.3d 247, 253–54 (2d Cir. 2007), issues surrounding the witness's credibility went to the determinative issue in the case. Here, in contrast, Plaintiff's attack on Ms. Attiken's credibility goes to her awareness of the sale process, rather than her participation in it, thus distinguishing this case from *Morano*.

[7] An exemplary point is that Plaintiff spends much time discussing Ms. Attiken's lack of recollection of an interview with Steven Martin of Reliance to serve as an independent ERISA fiduciary. But Mr. Martin, a third party and disinterested witness, did not even remember her being part of it. In fact, he testified that he does not know who Ms. Attiken is and that to his recall she had no role in the sale process. (Martin Dep. 38:16–22, 126: 2–9, 127:21–128:2.) In any event, when shown a document to remind her, she assumed it to accurately reflect that she had such a call. (Attiken Dep. 86:4–12. *See also id.* 70:5–71:25 (Ms. Attiken assumed accuracy of a refreshing document regarding edits ten years ago to the 2003 tender offer.) Similarly, Plaintiff's attack on Ms. Attiken with regard to her awareness of the sale process falls flat because none of the documents cited by Plaintiff to show her awareness even mention sale efforts by the Company. (Pl.'s Mem. in Opp. pp. 4–6 (*citing* Dep. Exs. 84, 219, 619).)

The claims against Ms. Attiken must be dismissed because she did not have any participation in the sale process that underlies Plaintiff's claims in Count Six. Plaintiff's attempt to create issues of fact through evidence not related to the sale process must fail.

## II.  CONCLUSION

Based on the foregoing, Defendant Chandra Attiken requests that this Court enter summary judgment and dismiss all remaining claims against her.

Respectfully submitted,


/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Brian P. Muething (0076315)
Danielle M. D'Addesa (0076513)
David T. Bules (0083834)
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
bmuething@kmklaw.com
ddaddesa@kmklaw.com
dbules@kmklaw.com

*Attorneys for Defendants,*
*Lee Morgan, Asha Moran, Chandra Attiken,*
*Marty Moran, Lee Morgan GDOT Trust #1,*
*Lee Morgan GDOT Trust #2, Lee Morgan*
*GDOT Trust #3, Lee Morgan Pourover Trust*
*#1, and Lee Morgan Pourover Trust #2*


OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of June, 2013, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docketing system.

/s/ Michael L. Scheier
Michael L. Scheier

4947113.2