UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE ANTIOCH COMPANY LITIGATION TRUST | ) ) ) | Case No. 3:10-cv-00156 |
| | ) | (Judge Timothy S. Black) |
| Plaintiff, | ) ) | |
| -v- | ) ) | |
| LEE MORGAN, et al., | ) ) | |
| Defendants. | ) | |

**DEFENDANTS LEE MORGAN, ASHA MORAN, AND MARTY MORAN'S
MOTION FOR SUMMARY JUDGMENT ON COUNTS FOUR, SIX,
EIGHT, TEN AND THIRTEEN OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 56, Defendants Lee Morgan, Asha Moran, and Marty Moran ("Defendants") move for summary judgment on Counts Four (breach of fiduciary duty with respect to the Levimo transaction), Six (breach of fiduciary duty with respect to the sale process), Eight (breach of fiduciary duty with respect to the sale process), Ten (tortious interference with business contracts with respect to the sale process) and Thirteen (attorneys' fees) of Plaintiff's First Amended Complaint.  Each of these state law causes of action require Plaintiff to prove damages as an essential element of the claim, but Plaintiff has failed to develop any admissible damages evidence.  Judgment as a matter of law in Defendants' favor is therefore appropriate.  The relief requested is supported by the attached Memorandum in Support, and the Statement of Undisputed Facts that has been separately filed in conjunction with this Motion.

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Brian P. Muething (0076315)
Danielle M. D'Addesa (0076513)
David T. Bules (0083834)
Anthony M. Verticchio (0084645)
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
*Attorneys for Defendants,*
*Lee Morgan, Asha Moran, Marty Moran, Lee Morgan GDOT Trust #1, Lee Morgan GDOT Trust #2, Lee Morgan GDOT Trust #3, Lee Morgan Pourover Trust #1, and Lee Morgan Pourover Trust #2*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

Plaintiff has maintained throughout this litigation that it would prove damages through an expert witness.  It has not wavered from this representation at any point, consistently stating in its Rule 26 initial disclosures, its sworn interrogatory answers, and in its sworn Rule 30(b)(6) deposition testimony that it would prove Antioch's damages on all counts through an expert opinion witness.

Plaintiff has identified a single expert witness, Mark Greenberg.  But as shown in Defendants' Limited Motion to Exclude Plaintiff's Expert Report, Opinion, and Testimony Regarding Damages (Doc. No. 213, the "Motion to Exclude"), Mr. Greenberg is unqualified to give a damages opinion, and even if he was qualified, his damages opinions are unreliable.  If the Court agrees and grants the Motion to Exclude, it should also grant summary judgment in Defendants' favor on Counts Four, Six, Eight, Ten and Thirteen of Plaintiff's Amended Complaint, because without Mr. Greenberg's testimony and opinion related to damages, these claims must be dismissed as a matter of law.

**II.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  "As a basis for summary judgment, a moving party can point to a lack of evidence to support the facts its opponent must prove to carry its burden of proof." *Info-Hold, Inc. v. Muzak LLC*, No. 1:11-cv-283, 2013 U.S. Dist. LEXIS 117953, at *4 (S.D. Ohio Aug. 20, 2013) (Black, J.).  "The party opposing summary judgment cannot rest on its pleading or allegations[;] to prevail, they must present material evidence in support of their allegations." *Leonard v. Robinson*, 477 F.3d 347,

353–54 (6th Cir. 2007). "The non-moving party must provide evidence sufficient to establish all of the essential elements of its claim." *Shafer Redi-Mix, Inc. v. Chauffeurs, Teamsters & Helpers Local Union #7*, 643 F.3d 473, 477 (6th Cir. 2011).

Because Defendants "point to a lack of evidence to support the facts [Plaintiff] must prove to carry its burden of proof," summary judgment is appropriate.

### III. ARGUMENT

#### A. Plaintiff Is Unable to Prove Damages If Mr. Greenberg's Damages Opinions Are Excluded From Evidence.

Throughout fact discovery, Plaintiff consistently represented that it would prove its claimed damages through an expert witness. It said so in its Rule 26(a) initial disclosures, and it maintained this firm position in its sworn interrogatory responses. In both of these discovery disclosures, Plaintiff stated that it would engage "one or more experts" to develop evidence of damages.[1]

Plaintiff reaffirmed these representations more recently in the deposition of Timothy Miller, Plaintiff's designated Rule 30(b)(6) witness. Through this witness, Plaintiff consistently deflected any questions about purported damages caused by Defendants by stating that it would use an expert witness to prove damages. (*See, e.g.,* Doc. 88, Miller Dep. 81 ("In connection with the damages and the damages calculations, I think the Trust's view is that is something that is properly the province of expert testimony, and that is something that we would -- the Trust would anticipate having an expert testify with respect to."); *id.* at 84 ("Again, that's something [calculate the fees and expenses paid to restructuring professionals claimed as damages] I think we'd have an expert do.").) Mr. Miller emphasized that with respect to the alleged loss in The

---

[1] *See* Defendants' Statement of Proposed Undisputed Facts at ¶¶ 1–2, attaching Plaintiff's First Supplement To Rule 26(a) Initial Disclosures as Exhibit 1, and The Antioch Company Litigation Trust's Response To First Set Of Interrogatories Of Defendants Lee Morgan, Asha Moran, Chandra Attiken, Marty Moran, and Certain Named Trust Defendants Directed To Plaintiff The Antioch Company Litigation Trust as Exhibit 2.

Antioch's Company's enterprise value during the 2007–2008 sale process in particular, expert testimony would provide Plaintiff's damages evidence. (*Id.* at 85 ("So, again, this is something -- and particularly this would be something that would be the basis, in our view -- in the Trust's view of expert testimony.").)  He avoided responding substantively to any and all questions about the nature and amount of damages that the Defendants' conduct allegedly caused Antioch. In other words, the Defendants were prevented from taking damages-related discovery during the fact discovery period, and instead were led by Plaintiff to postpone damages discovery until after the experts were identified.[2]

### B. Because Mr. Greenberg's Damages Opinions Are Inadmissible, Summary Judgment Is Warranted.

Plaintiff cannot escape its indisputable tie of damages to an expert opinion witness. Concepts of waiver, estoppel and fundamental fairness should seal any escape hatch to prove damages by a method other than through Mr. Greenberg.  And for the reasons set forth in Defendants' Motion to Exclude (Doc. No. 213), Mr. Greenberg's testimony and opinion related to damages should be excluded from evidence on summary judgment, thus eliminating Plaintiff's sole source of damages evidence.[3]  As a necessary result, the Court should grant summary judgment in favor of Defendants on Counts Four, Six, Eight, and Ten in Plaintiff's Amended Complaint, all of which require proof of damages to prove a claim. *E.g., PNH, Inc. v. Alfa Laval Flow, Inc.*, 958 N.E.2d 120, 128 (Ohio 2012) (damages are an essential element of a tortious interference with contract claim); *Helfrich v. Strickland*, No. 008 CA 101, 2009 Ohio App. LEXIS 4055, at *11–12 (Ohio Ct. App. Sept. 11, 2009) (failure to put forth evidence of damages,

---

[2]  Plaintiff also declared its intention to establish damages through an expert, and thereby avoided summary judgment for the time being, in opposing Marty Moran's motion for summary judgment. (*See* Doc. 167 at 20, n. 77.)

[3]  Defendants' Motion to Exclude in its entirety is incorporated into this Motion.

- 3 -

an essential element for a breach of fiduciary duty claim, mandates summary judgment in favor of defendant).

Very recently, this Court granted summary judgment in favor of the defendant when the plaintiff's only proffered witness as to damages was excluded as unqualified and unreliable. *Info-Hold, Inc. v. Muzak LLC*, No. 1:11-cv-283, 2013 U.S. Dist. LEXIS 117953, at *15–17 (S.D. Ohio Aug. 20, 2013) (Black, J.).  Once the plaintiff's expert on royalty damages was excluded, there existed "no potential damages witnesses for Plaintiff to call at trial whatsoever, leaving it with no admissible evidence on reasonable royalty damages." *Id.* at *16.  Because, after its expert's exclusion, the plaintiff no longer had evidence to make out even a *prima facie* case on royalty damages, there remained no triable damages case for the fact finder to consider, and summary judgment was appropriate as to those damages. *Id.* at *16–17.

Similarly, the decision in *Cole v. Homier Distribution Co.*, No. 4:07CV01493 JCH, 2009 U.S. Dist. LEXIS 23641 (E.D. Mo. Mar. 20, 2009) is directly on point.  In *Cole*, as here, the defendant argued that it was entitled to summary judgment because the plaintiffs failed to provide any competent evidence of damages, an element essential to their claim. *Id.* at *7.  After excluding the plaintiffs' damages expert, finding that a reasonable jury would not be able to ascertain the amount of damages based on the expert's report, the court agreed with the defendant's position and granted summary judgment in its favor. *Id.* at *14–15, 18.

Furthermore, the court rejected the plaintiffs' attempt to support their damages claim through their own testimony and calculations, without expert testimony. *Id.* at *15–18.  Just as the Plaintiff in this case, the *Cole* plaintiffs represented during discovery that they would present damages evidence through an expert. *Id.* at *16.  The court held that the plaintiffs could not contradict this position, given through sworn deposition testimony, now that their expert had

been excluded. *Id.* at *17. This was especially so in light of the fact that the defendant "has never been able to perform discovery of Plaintiffs' new assertion that they can provide a reasonable basis for their damages, absent any expert testimony." *Id.* at *16.

This same rationale applies to our case. Plaintiff has maintained throughout fact discovery that it would present evidence of damages through an expert witness. It cannot now change course and do so through other means, because the Defendants in this case have reasonably relied on Plaintiff's representation that it would prove damages through its expert. It would be prejudicial and unfair to all Defendants if Plaintiff could directly contradict its prior, sworn representations, and representations to the Court, by creating damages evidence without use of an expert.

If the Court grants Defendants' Motion to Exclude, Plaintiff is left with no evidence of damages, and summary judgment should be granted in Defendants' favor just as it was in *Info-Hold* and *Cole*.[4]

## IV. CONCLUSION

If Defendants' Motion to Exclude is granted, Plaintiff indisputably is left with no evidence on damages, an essential element to its causes of action under Counts Four, Six, Eight, and Ten. Summary judgment should be granted in Defendants Lee Morgan, Asha Moran, and Marty Moran's favor on these Counts of Plaintiff's Amended Complaint.[5]

---

[4] Plaintiff's claim for attorneys' fees under Count Thirteen must be dismissed if its claim for tortious interference with business contracts under Count Ten is dismissed. The only bases for attorneys' fees articulated in Plaintiff's Amended Complaint are that such fees are recoverable in connection with a shareholder derivative action or with a claim for tortious interference with business contracts. (Am. Complaint ¶¶ 258–259.) Because it is beyond dispute that this action is not a shareholder derivative suit, the attorneys' fees claim may only survive this motion if the claim for tortious interference with business contracts does. In other words, if the Court renders judgment in Defendants' favor on Count Ten, it must also do so for Count Thirteen. There are other bases that Plaintiff's attorneys' fee claim should be dismissed, and we reserve the right to address those in another motion.

[5] Although Defendants believe that this Motion, in conjunction with their Motion to Exclude, necessitates judgment in their favor on Counts Four, Six, Eight, and Ten of Plaintiff's Amended Complaint, they intend to file additional

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Brian P. Muething (0076315)
Danielle M. D'Addesa (0076513)
David T. Bules (0083834)
Anthony M. Verticchio (0084645)
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
bmuething@kmklaw.com
ddaddesa@kmklaw.com
dbules@kmklaw.com
tverticchio@kmklaw.com

*Attorneys for Defendants,*
*Lee Morgan, Asha Moran, Marty Moran, Lee Morgan GDOT Trust #1, Lee Morgan GDOT Trust #2, Lee Morgan GDOT Trust #3, Lee Morgan Pourover Trust #1, and Lee Morgan Pourover Trust #2*

OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

---

motions for summary judgment on substantive grounds on some of these counts.  The Court, however, would not need to rule on those motions if this one is granted.  They would become moot.

## CERTIFICATE OF SERVICE

      I hereby certify that on January 29, 2014 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docketing system.

                                            /s/ Michael L. Scheier
                                            Michael L. Scheier

5295358.2