# EXHIBIT I

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION-DAYTON

| | |
|---|---|
| In re: | Case Nos. 08-35741 through |
| | 08-35747 (Jointly Administered) |
| THE ANTIOCH COMPANY, | Chapter 11 |
| et al., [1] | |
| | Judge Humphrey |
| Debtors. | |

FILED / RECEIVED

APR 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

AMENDED CLASS 5 RELEASE FORM

On November 13, 2008, The Antioch Company ("Antioch") and certain of its subsidiaries, debtors and debtors-in-possession in the above captioned cases (each a "Debtor" and collectively, the "Debtors") each filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On the same day, the Debtors filed the Joint Prepackaged Plan of Reorganization of The Antioch Company and its Affiliate Debtors (as amended, modified, or supplemented, the "Plan") and the Disclosure Statement with Respect to the Joint Prepackaged Plan of Reorganization of The Antioch Company and its Affiliate Debtors (the "Disclosure Statement"). On December 8, 2008, the Debtors filed the Plan Supplement containing, among other things, the Creditor/Equityholder Trust Agreement. On January [●], 2009, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order").

As more fully set forth in the Disclosure Statement, the Plan provides that you, as a holder of a Class 5 Impaired Unsecured Claim ("Holder"), are entitled to elect (i) to receive Creditor/Equityholder Trust Interests and (ii) to participate as a beneficiary of the Litigation Trust[2] in accordance with the Litigation Trust Agreement. The Creditor/Equityholder Trust Interests will be established on the Effective Date pursuant to section 5.12 of the Plan and the terms and conditions set forth in the Creditor/Equityholder Trust Agreement. The Litigation

---

[1]   The Debtors consist of: The Antioch Company; Antioch International, Inc.; Antioch International – Canada, Inc.; Antioch International – New Zealand, Inc.; Antioch Framers Supply Company; zeBlooms, Inc.; and Creative Memories Puerto Rico, Inc.

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

1652687

Trust will be established on the Effective Date pursuant to section 5.13 of the Plan and the terms and conditions set forth in the Litigation Trust Agreement. If you elect to receive Creditor/Equityholder Trust Interests and to participate in the Litigation Trust, you will, in consideration for the releases set forth below, (i) receive your pro rata share of 80% of the Creditor/Equityholder Trust Interests equal in amount to the ratio (expressed as a percentage) that the amount of your Allowed Impaired Unsecured Claim bears to the aggregate amount of all Allowed Impaired Unsecured Claims whose Holders timely submit executed Class 5 Release Forms electing to receive such interests and (ii) participate as a Primary Beneficiary of the Litigation Trust according to the terms of the Litigation Trust Agreement. If you fail to timely submit this form, you will not receive any Creditor/Equityholder Trust Interests and you will not participate as a beneficiary of the Litigation Trust.

If you elect to receive Creditor/Equityholder Trust Interests and to participate as a beneficiary of the Litigation Trust, you must, in consideration for such interests, agree to forever release, waive, and discharge (A) the Prepetition Agent, (B) the Prepetition Secured Lenders, (C) the DIP Agent, (D) the DIP Lenders, (E) the Exit Facility Agent, (F) the Exit Facility Lenders, (G) the New Secured Term Loan Notes Agent, (H) the New Secured Term Loan Noteholders, (I) the Creditor/Equityholder Trustee, and (J) with respect to each of the foregoing persons, each of their respective directors, officers, employees, agents, representatives, shareholders, partners, members, attorneys, investment bankers, restructuring consultants and financial advisors in their capacities as such (the "Released Parties") from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen, or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that you would have been legally entitled to assert in your own right against such Released Parties (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Estates, the Chapter 11 Cases, the Plan, or the Disclosure Statement, the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

1652687

**THIS FORM SHOULD BE RETURNED VIA MAIL, FAX, OR E-MAIL TO:**

**THE ANTIOCH COMPANY, BALLOT PROCESSING
C/O EPIQ BANKRUPTCY SOLUTIONS, LLC
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10017**

**E-MAIL: EPIQTEAMBLUE@EPIQSYSTEMS.COM**

**TELEPHONE NUMBER: (646) 282-2500, FACSIMILE NUMBER: (646) 282-2501**

**BY 7:00 P.M. PREVAILING EASTERN TIME, 90 DAYS AFTER THE EFFECTIVE
DATE OF THE PLAN (THE "ELECTION DEADLINE").**

**IF YOU FAIL TO RETURN THIS RELEASE FORM BY THE ELECTION DEADLINE,
YOU WILL BE DEEMED TO ELECT NOT TO RECEIVE
CREDITOR/EQUITYHOLDER TRUST INTERESTS OR TO PARTICIPATE AS A
BENEFICIARY OF THE LITIGATION TRUST.**

PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR DECISION:

Item 1.

☒    The undersigned is the Holder of an allowed Class 5 Impaired Unsecured Claim in the amount of $ <u>17,206,823.91</u> dollars.

Item 2. The undersigned Holder elects (please check one):

☒    To RECEIVE the Holder's applicable share of the Creditor/Equityholder Trust Interests and TO PARTICIPATE as a beneficiary of the Litigation Trust in accordance with the Litigation Trust Agreement and, in consideration therefor, agrees to forever release, waive, and discharge the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen, or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that I would have been legally entitled to assert in my own right against such

3

Released Parties (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Estates, the Chapter 11 Cases, this Plan, or the Disclosure Statement, the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

☐     To NOT RECEIVE the Holder's applicable share of the Creditor/Equityholder Trust Interests and to NOT PARTICIPATE as a beneficiary of the Litigation Trust in accordance with the Litigation Trust Agreement.

<u>Item 3</u>.

The undersigned Holder hereby also acknowledges that its election is subject to all the terms and conditions set forth in the Creditor/Equityholder Trust Agreement and the Litigation Trust Agreement.

The Debtors reserve the right to amend the Plan, the Creditor/Equityholder Trust Agreement, and the Litigation Trust Agreement at any time.

4

The undersigned certifies that it has been provided an opportunity to receive, at no cost, a copy of the Disclosure Statement, the Plan, the Creditor/Equityholder Trust Agreement, and the Litigation Trust Agreement.

Name: <u>Lee Morgan GDOT #1</u>
(Print or Type)

_____
Social Security or Federal Tax I.D. No. (Optional)

Signature: _Asha Morgan Moran, Trustee_

By: <u>Asha Morgan Moran</u>
    (If Appropriate)

Title: <u>Trustee</u>
    (If Appropriate)

Address: <u>1922 17TH STREET SOUTH ST. CLOUD, MN 56301</u>

Telephone Number: <u>(320)529-5352</u>

Date Completed: _4/21/09_

**THIS FORM MUST BE RECEIVED BY THE ANTIOCH COMPANY, BALLOT PROCESSING, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, AT THE ADDRESS, E-MAIL ADDRESS, OR FACSIMILE NUMBER LISTED ABOVE NO LATER THAN 7:00 P.M. PREVAILING EASTERN TIME, 90 DAYS AFTER THE EFFECTIVE DATE OF THE PLAN (THE "ELECTION DEADLINE").**

**IF IT IS NOT RECEIVED BY THE ELECTION DEADLINE, YOU WILL BE DEEMED TO ELECT NOT TO RECEIVE CREDITOR/EQUITYHOLDER TRUST INTERESTS OR TO PARTICIPATE AS A BENEFICIARY OF THE LITIGATION TRUST.**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION-DAYTON

|  |  |  |
|---|---|---|
| In re: | ) | Case Nos. 08-35741 through |
|  | ) | 08-35747 (Jointly Administered) |
|  | ) |  |
| THE ANTIOCH COMPANY, | ) | Chapter 11 |
| et al.,[1] | ) |  |
|  | ) | Judge Humphrey |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

**FILED / RECEIVED**

**APR 3 0 2009**

EPIQ BANKRUPTCY SOLUTIONS, LLC

## AMENDED CLASS 5 RELEASE FORM

On November 13, 2008, The Antioch Company ("Antioch") and certain of its subsidiaries, debtors and debtors-in-possession in the above captioned cases (each a "Debtor" and collectively, the "Debtors") each filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On the same day, the Debtors filed the Joint Prepackaged Plan of Reorganization of The Antioch Company and its Affiliate Debtors (as amended, modified, or supplemented, the "Plan") and the Disclosure Statement with Respect to the Joint Prepackaged Plan of Reorganization of The Antioch Company and its Affiliate Debtors (the "Disclosure Statement"). On December 8, 2008, the Debtors filed the Plan Supplement containing, among other things, the Creditor/Equityholder Trust Agreement. On January [●], 2009, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order").

As more fully set forth in the Disclosure Statement, the Plan provides that you, as a holder of a Class 5 Impaired Unsecured Claim ("Holder"), are entitled to elect (i) to receive Creditor/Equityholder Trust Interests and (ii) to participate as a beneficiary of the Litigation Trust[2] in accordance with the Litigation Trust Agreement. The Creditor/Equityholder Trust Interests will be established on the Effective Date pursuant to section 5.12 of the Plan and the terms and conditions set forth in the Creditor/Equityholder Trust Agreement. The Litigation

---

[1]  The Debtors consist of: The Antioch Company; Antioch International, Inc.; Antioch International – Canada, Inc.; Antioch International – New Zealand, Inc.; Antioch Framers Supply Company; zeBlooms, Inc.; and Creative Memories Puerto Rico, Inc.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

1652687

Trust will be established on the Effective Date pursuant to section 5.13 of the Plan and the terms and conditions set forth in the Litigation Trust Agreement. If you elect to receive Creditor/Equityholder Trust Interests and to participate in the Litigation Trust, you will, in consideration for the releases set forth below, (i) receive your pro rata share of 80% of the Creditor/Equityholder Trust Interests equal in amount to the ratio (expressed as a percentage) that the amount of your Allowed Impaired Unsecured Claim bears to the aggregate amount of all Allowed Impaired Unsecured Claims whose Holders timely submit executed Class 5 Release Forms electing to receive such interests and (ii) participate as a Primary Beneficiary of the Litigation Trust according to the terms of the Litigation Trust Agreement. If you fail to timely submit this form, you will not receive any Creditor/Equityholder Trust Interests and you will not participate as a beneficiary of the Litigation Trust.

If you elect to receive Creditor/Equityholder Trust Interests and to participate as a beneficiary of the Litigation Trust, you must, in consideration for such interests, agree to forever release, waive, and discharge (A) the Prepetition Agent, (B) the Prepetition Secured Lenders, (C) the DIP Agent, (D) the DIP Lenders, (E) the Exit Facility Agent, (F) the Exit Facility Lenders, (G) the New Secured Term Loan Notes Agent, (H) the New Secured Term Loan Noteholders, (I) the Creditor/Equityholder Trustee, and (J) with respect to each of the foregoing persons, each of their respective directors, officers, employees, agents, representatives, shareholders, partners, members, attorneys, investment bankers, restructuring consultants and financial advisors in their capacities as such (the "Released Parties") from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen, or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that you would have been legally entitled to assert in your own right against such Released Parties (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Estates, the Chapter 11 Cases, the Plan, or the Disclosure Statement, the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

2

**THIS FORM SHOULD BE RETURNED VIA MAIL, FAX, OR E-MAIL TO:**

**THE ANTIOCH COMPANY, BALLOT PROCESSING**
**C/O EPIQ BANKRUPTCY SOLUTIONS, LLC**
**757 THIRD AVENUE, 3RD FLOOR**
**NEW YORK, NY 10017**

**E-MAIL: EPIQTEAMBLUE@EPIQSYSTEMS.COM**

**TELEPHONE NUMBER: (646) 282-2500, FACSIMILE NUMBER: (646) 282-2501**

**BY 7:00 P.M. PREVAILING EASTERN TIME, 90 DAYS AFTER THE EFFECTIVE DATE OF THE PLAN (THE "<u>ELECTION DEADLINE</u>").**

**<u>IF YOU FAIL TO RETURN THIS RELEASE FORM BY THE ELECTION DEADLINE, YOU WILL BE DEEMED TO ELECT NOT TO RECEIVE CREDITOR/EQUITYHOLDER TRUST INTERESTS OR TO PARTICIPATE AS A BENEFICIARY OF THE LITIGATION TRUST.</u>**

PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR DECISION:

<u>Item 1</u>.

☒    The undersigned is the Holder of an allowed Class 5 Impaired Unsecured Claim in the amount of $ _4,239,874.72_____ dollars.

<u>Item 2</u>. The undersigned Holder elects (please check one):

☒    To RECEIVE the Holder's applicable share of the Creditor/Equityholder Trust Interests and TO PARTICIPATE as a beneficiary of the Litigation Trust in accordance with the Litigation Trust Agreement and, in consideration therefor, agrees to forever release, waive, and discharge the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen, or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that I would have been legally entitled to assert in my own right against such

3

Released Parties (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Estates, the Chapter 11 Cases, this Plan, or the Disclosure Statement, the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

☐ To NOT RECEIVE the Holder's applicable share of the Creditor/Equityholder Trust Interests and to NOT PARTICIPATE as a beneficiary of the Litigation Trust in accordance with the Litigation Trust Agreement.

<u>Item 3</u>.

The undersigned Holder hereby also acknowledges that its election is subject to all the terms and conditions set forth in the Creditor/Equityholder Trust Agreement and the Litigation Trust Agreement.

The Debtors reserve the right to amend the Plan, the Creditor/Equityholder Trust Agreement, and the Litigation Trust Agreement at any time.

4

The undersigned certifies that it has been provided an opportunity to receive, at no cost, a copy of the Disclosure Statement, the Plan, the Creditor/Equityholder Trust Agreement, and the Litigation Trust Agreement.

Name: <u>Lee Morgan GDOT #2</u>
(Print or Type)

_____
Social Security or Federal Tax I.D. No. (Optional)

Signature: _____

By: <u>Matthew Morgan</u>
     (If Appropriate)

Title: <u>Trustee</u>
     (If Appropriate)

Address: <u>140 Glen Street, Yellow Springs, OH 45387</u>

Telephone Number: <u>(937) 767-7379</u>

Date Completed: _____

**THIS FORM MUST BE RECEIVED BY THE ANTIOCH COMPANY, BALLOT PROCESSING, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, AT THE ADDRESS, E-MAIL ADDRESS, OR FACSIMILE NUMBER LISTED ABOVE NO LATER THAN 7:00 P.M. PREVAILING EASTERN TIME, 90 DAYS AFTER THE EFFECTIVE DATE OF THE PLAN (THE "ELECTION DEADLINE").**

**IF IT IS NOT RECEIVED BY THE ELECTION DEADLINE, YOU WILL BE DEEMED TO ELECT NOT TO RECEIVE CREDITOR/EQUITYHOLDER TRUST INTERESTS OR TO PARTICIPATE AS A BENEFICIARY OF THE LITIGATION TRUST.**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION-DAYTON



|  |  |  |
|---|---|---|
| In re: | ) | Case Nos. 08-35741 through |
|  | ) |     08-35747 (Jointly Administered) |
|  | ) |  |
| THE ANTIOCH COMPANY, | ) | Chapter 11 |
|   et al., [1] | ) |  |
|  | ) | Judge Humphrey |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

FILED / RECEIVED

APR 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

<u>AMENDED CLASS 5 RELEASE FORM</u>

On November 13, 2008, The Antioch Company ("<u>Antioch</u>") and certain of its subsidiaries, debtors and debtors-in-possession in the above captioned cases (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>") each filed petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). On the same day, the Debtors filed the Joint Prepackaged Plan of Reorganization of The Antioch Company and its Affiliate Debtors (as amended, modified, or supplemented, the "<u>Plan</u>") and the Disclosure Statement with Respect to the Joint Prepackaged Plan of Reorganization of The Antioch Company and its Affiliate Debtors (the "<u>Disclosure Statement</u>"). On December 8, 2008, the Debtors filed the Plan Supplement containing, among other things, the Creditor/Equityholder Trust Agreement. On January [•], 2009, the Bankruptcy Court entered an order confirming the Plan (the "<u>Confirmation Order</u>").

As more fully set forth in the Disclosure Statement, the Plan provides that you, as a holder of a Class 5 Impaired Unsecured Claim ("<u>Holder</u>"), are entitled to elect (i) to receive Creditor/Equityholder Trust Interests and (ii) to participate as a beneficiary of the Litigation Trust[2] in accordance with the Litigation Trust Agreement. The Creditor/Equityholder Trust Interests will be established on the Effective Date pursuant to section 5.12 of the Plan and the terms and conditions set forth in the Creditor/Equityholder Trust Agreement. The Litigation

---

[1]    The Debtors consist of: The Antioch Company; Antioch International, Inc.; Antioch International – Canada, Inc.; Antioch International – New Zealand, Inc.; Antioch Framers Supply Company; zeBlooms, Inc.; and Creative Memories Puerto Rico, Inc.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Trust will be established on the Effective Date pursuant to section 5.13 of the Plan and the terms and conditions set forth in the Litigation Trust Agreement. If you elect to receive Creditor/Equityholder Trust Interests and to participate in the Litigation Trust, you will, in consideration for the releases set forth below, (i) receive your pro rata share of 80% of the Creditor/Equityholder Trust Interests equal in amount to the ratio (expressed as a percentage) that the amount of your Allowed Impaired Unsecured Claim bears to the aggregate amount of all Allowed Impaired Unsecured Claims whose Holders timely submit executed Class 5 Release Forms electing to receive such interests and (ii) participate as a Primary Beneficiary of the Litigation Trust according to the terms of the Litigation Trust Agreement. If you fail to timely submit this form, you will not receive any Creditor/Equityholder Trust Interests and you will not participate as a beneficiary of the Litigation Trust.

If you elect to receive Creditor/Equityholder Trust Interests and to participate as a beneficiary of the Litigation Trust, you must, in consideration for such interests, agree to forever release, waive, and discharge (A) the Prepetition Agent, (B) the Prepetition Secured Lenders, (C) the DIP Agent, (D) the DIP Lenders, (E) the Exit Facility Agent, (F) the Exit Facility Lenders, (G) the New Secured Term Loan Notes Agent, (H) the New Secured Term Loan Noteholders, (I) the Creditor/Equityholder Trustee, and (J) with respect to each of the foregoing persons, each of their respective directors, officers, employees, agents, representatives, shareholders, partners, members, attorneys, investment bankers, restructuring consultants and financial advisors in their capacities as such (the "Released Parties") from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen, or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that you would have been legally entitled to assert in your own right against such Released Parties (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Estates, the Chapter 11 Cases, the Plan, or the Disclosure Statement, the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

1652687

**THIS FORM SHOULD BE RETURNED VIA MAIL, FAX, OR E-MAIL TO:**

**THE ANTIOCH COMPANY, BALLOT PROCESSING**
**C/O EPIQ BANKRUPTCY SOLUTIONS, LLC**
**757 THIRD AVENUE, 3RD FLOOR**
**NEW YORK, NY 10017**

**E-MAIL: EPIQTEAMBLUE@EPIQSYSTEMS.COM**

**TELEPHONE NUMBER: (646) 282-2500, FACSIMILE NUMBER: (646) 282-2501**

**BY 7:00 P.M. PREVAILING EASTERN TIME, 90 DAYS AFTER THE EFFECTIVE DATE OF THE PLAN (THE "ELECTION DEADLINE").**

**IF YOU FAIL TO RETURN THIS RELEASE FORM BY THE ELECTION DEADLINE, YOU WILL BE DEEMED TO ELECT NOT TO RECEIVE CREDITOR/EQUITYHOLDER TRUST INTERESTS OR TO PARTICIPATE AS A BENEFICIARY OF THE LITIGATION TRUST.**

PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR DECISION:

Item 1.

☒      The undersigned is the Holder of an allowed Class 5 Impaired Unsecured Claim in the amount of $ 15,137.424.50      dollars.

Item 2. The undersigned Holder elects (please check one):

☒      To RECEIVE the Holder's applicable share of the Creditor/Equityholder Trust Interests and TO PARTICIPATE as a beneficiary of the Litigation Trust in accordance with the Litigation Trust Agreement and, in consideration therefor, agrees to forever release, waive, and discharge the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen, or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that I would have been legally entitled to assert in my own right against such

3

Released Parties (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Estates, the Chapter 11 Cases, this Plan, or the Disclosure Statement, the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

☐ To NOT RECEIVE the Holder's applicable share of the Creditor/Equityholder Trust Interests and to NOT PARTICIPATE as a beneficiary of the Litigation Trust in accordance with the Litigation Trust Agreement.

Item 3.

The undersigned Holder hereby also acknowledges that its election is subject to all the terms and conditions set forth in the Creditor/Equityholder Trust Agreement and the Litigation Trust Agreement.

The Debtors reserve the right to amend the Plan, the Creditor/Equityholder Trust Agreement, and the Litigation Trust Agreement at any time.

4

The undersigned certifies that it has been provided an opportunity to receive, at no cost, a copy of the Disclosure Statement, the Plan, the Creditor/Equityholder Trust Agreement, and the Litigation Trust Agreement.

Name: <u>Lee Morgan GDOT #3</u>
(Print or Type)

_____
Social Security or Federal Tax I.D. No. (Optional)

Signature: *Asha Morgan Moran, Trustee*

By: <u>Asha Morgan Moran</u>
    (If Appropriate)

Title: <u>Trustee</u>
    (If Appropriate)

Address: <u>1922 17TH STREET SOUTH ST. CLOUD, MN 56301</u>

Telephone Number: <u>(320) 529-5352</u>

Date Completed: <u>4/21/09</u>

**THIS FORM MUST BE RECEIVED BY THE ANTIOCH COMPANY, BALLOT PROCESSING, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, AT THE ADDRESS, E-MAIL ADDRESS, OR FACSIMILE NUMBER LISTED ABOVE NO LATER THAN 7:00 P.M. PREVAILING EASTERN TIME, 90 DAYS AFTER THE EFFECTIVE DATE OF THE PLAN (THE "<u>ELECTION DEADLINE</u>").**

**IF IT IS NOT RECEIVED BY THE ELECTION DEADLINE, YOU WILL BE DEEMED TO ELECT NOT TO RECEIVE CREDITOR/EQUITYHOLDER TRUST INTERESTS OR TO PARTICIPATE AS A BENEFICIARY OF THE LITIGATION TRUST.**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION-DAYTON

|  |  |  |
|---|---|---|
| In re: | ) | Case Nos. 08-35741 through |
|  | ) | 08-35747 (Jointly Administered) |
|  | ) |  |
| THE ANTIOCH COMPANY, | ) | Chapter 11 |
| et al., [1] | ) |  |
|  | ) |  |
|  | ) | Judge Humphrey |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

FILED / RECEIVED
APR ͻ 0 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

AMENDED CLASS 5 RELEASE FORM

On November 13, 2008, The Antioch Company ("Antioch") and certain of its subsidiaries, debtors and debtors-in-possession in the above captioned cases (each a "Debtor" and collectively, the "Debtors") each filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On the same day, the Debtors filed the Joint Prepackaged Plan of Reorganization of The Antioch Company and its Affiliate Debtors (as amended, modified, or supplemented, the "Plan") and the Disclosure Statement with Respect to the Joint Prepackaged Plan of Reorganization of The Antioch Company and its Affiliate Debtors (the "Disclosure Statement"). On December 8, 2008, the Debtors filed the Plan Supplement containing, among other things, the Creditor/Equityholder Trust Agreement. On January [●], 2009, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order").

As more fully set forth in the Disclosure Statement, the Plan provides that you, as a holder of a Class 5 Impaired Unsecured Claim ("Holder"), are entitled to elect (i) to receive Creditor/Equityholder Trust Interests and (ii) to participate as a beneficiary of the Litigation Trust[2] in accordance with the Litigation Trust Agreement. The Creditor/Equityholder Trust Interests will be established on the Effective Date pursuant to section 5.12 of the Plan and the terms and conditions set forth in the Creditor/Equityholder Trust Agreement. The Litigation

---

[1] The Debtors consist of: The Antioch Company; Antioch International, Inc.; Antioch International – Canada, Inc.; Antioch International – New Zealand, Inc.; Antioch Framers Supply Company; zeBlooms, Inc.; and Creative Memories Puerto Rico, Inc.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

1652687

Trust will be established on the Effective Date pursuant to section 5.13 of the Plan and the terms and conditions set forth in the Litigation Trust Agreement. If you elect to receive Creditor/Equityholder Trust Interests and to participate in the Litigation Trust, you will, in consideration for the releases set forth below, (i) receive your pro rata share of 80% of the Creditor/Equityholder Trust Interests equal in amount to the ratio (expressed as a percentage) that the amount of your Allowed Impaired Unsecured Claim bears to the aggregate amount of all Allowed Impaired Unsecured Claims whose Holders timely submit executed Class 5 Release Forms electing to receive such interests and (ii) participate as a Primary Beneficiary of the Litigation Trust according to the terms of the Litigation Trust Agreement. If you fail to timely submit this form, you will not receive any Creditor/Equityholder Trust Interests and you will not participate as a beneficiary of the Litigation Trust.

If you elect to receive Creditor/Equityholder Trust Interests and to participate as a beneficiary of the Litigation Trust, you must, in consideration for such interests, agree to forever release, waive, and discharge (A) the Prepetition Agent, (B) the Prepetition Secured Lenders, (C) the DIP Agent, (D) the DIP Lenders, (E) the Exit Facility Agent, (F) the Exit Facility Lenders, (G) the New Secured Term Loan Notes Agent, (H) the New Secured Term Loan Noteholders, (I) the Creditor/Equityholder Trustee, and (J) with respect to each of the foregoing persons, each of their respective directors, officers, employees, agents, representatives, shareholders, partners, members, attorneys, investment bankers, restructuring consultants and financial advisors in their capacities as such (the "Released Parties") from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen, or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that you would have been legally entitled to assert in your own right against such Released Parties (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Estates, the Chapter 11 Cases, the Plan, or the Disclosure Statement, the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

2

**THIS FORM SHOULD BE RETURNED VIA MAIL, FAX, OR E-MAIL TO:**

**THE ANTIOCH COMPANY, BALLOT PROCESSING
C/O EPIQ BANKRUPTCY SOLUTIONS, LLC
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10017**

**E-MAIL: EPIQTEAMBLUE@EPIQSYSTEMS.COM**

**TELEPHONE NUMBER: (646) 282-2500, FACSIMILE NUMBER: (646) 282-2501**

**BY 7:00 P.M. PREVAILING EASTERN TIME, 90 DAYS AFTER THE EFFECTIVE
DATE OF THE PLAN (THE "<u>ELECTION DEADLINE</u>").**

<u>**IF YOU FAIL TO RETURN THIS RELEASE FORM BY THE ELECTION DEADLINE,
YOU WILL BE DEEMED TO ELECT NOT TO RECEIVE
CREDITOR/EQUITYHOLDER TRUST INTERESTS OR TO PARTICIPATE AS A
BENEFICIARY OF THE LITIGATION TRUST.**</u>

PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR DECISION:

<u>Item 1</u>.

☒     The undersigned is the Holder of an allowed Class 5 Impaired Unsecured Claim in the amount of $ <u>5,986,771.63</u> dollars.

<u>Item 2</u>. The undersigned Holder elects (please check one):

☒     To RECEIVE the Holder's applicable share of the Creditor/Equityholder Trust Interests and TO PARTICIPATE as a beneficiary of the Litigation Trust in accordance with the Litigation Trust Agreement and, in consideration therefor, agrees to forever release, waive, and discharge the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen, or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that I would have been legally entitled to assert in my own right against such

3

Released Parties (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Estates, the Chapter 11 Cases, this Plan, or the Disclosure Statement, the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

☐ To NOT RECEIVE the Holder's applicable share of the Creditor/Equityholder Trust Interests and to NOT PARTICIPATE as a beneficiary of the Litigation Trust in accordance with the Litigation Trust Agreement.

Item 3.

The undersigned Holder hereby also acknowledges that its election is subject to all the terms and conditions set forth in the Creditor/Equityholder Trust Agreement and the Litigation Trust Agreement.

The Debtors reserve the right to amend the Plan, the Creditor/Equityholder Trust Agreement, and the Litigation Trust Agreement at any time.

4

The undersigned certifies that it has been provided an opportunity to receive, at no cost, a copy of the Disclosure Statement, the Plan, the Creditor/Equityholder Trust Agreement, and the Litigation Trust Agreement.

Name: <u>Lee Morgan Pour Over Trust #1</u>
(Print or Type)

_____

Social Security or Federal Tax I.D. No. (Optional)

Signature: _____

By: <u>Asha Morgan Moran</u>
     (If Appropriate)

Title: <u>Trustee</u>
     (If Appropriate)

Address: <u>1922 17TH STREET SOUTH ST. CLOUD, MN 56301</u>

Telephone Number: <u>(320) 529-5352</u>

Date Completed: <u>4/21/09</u>

**THIS FORM MUST BE RECEIVED BY THE ANTIOCH COMPANY, BALLOT PROCESSING, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, AT THE ADDRESS, E-MAIL ADDRESS, OR FACSIMILE NUMBER LISTED ABOVE NO LATER THAN 7:00 P.M. PREVAILING EASTERN TIME, 90 DAYS AFTER THE EFFECTIVE DATE OF THE PLAN (THE "ELECTION DEADLINE").**

**IF IT IS NOT RECEIVED BY THE ELECTION DEADLINE, YOU WILL BE DEEMED TO ELECT NOT TO RECEIVE CREDITOR/EQUITYHOLDER TRUST INTERESTS OR TO PARTICIPATE AS A BENEFICIARY OF THE LITIGATION TRUST.**

5

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION-DAYTON

|  |  |  |
|---|---|---|
| In re: | ) | Case Nos. 08-35741 through |
|  | ) |     08-35747 (Jointly Administered) |
|  | ) |  |
| THE ANTIOCH COMPANY, | ) | Chapter 11 |
| et al., [1] | ) |  |
|  | ) |  |
|  | ) | Judge Humphrey |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

```
FILED / RECEIVED
   APR 3 0 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC
```

AMENDED CLASS 5 RELEASE FORM

On November 13, 2008, The Antioch Company ("Antioch") and certain of its subsidiaries, debtors and debtors-in-possession in the above captioned cases (each a "Debtor" and collectively, the "Debtors") each filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On the same day, the Debtors filed the Joint Prepackaged Plan of Reorganization of The Antioch Company and its Affiliate Debtors (as amended, modified, or supplemented, the "Plan") and the Disclosure Statement with Respect to the Joint Prepackaged Plan of Reorganization of The Antioch Company and its Affiliate Debtors (the "Disclosure Statement"). On December 8, 2008, the Debtors filed the Plan Supplement containing, among other things, the Creditor/Equityholder Trust Agreement. On January [●], 2009, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order").

As more fully set forth in the Disclosure Statement, the Plan provides that you, as a holder of a Class 5 Impaired Unsecured Claim ("Holder"), are entitled to elect (i) to receive Creditor/Equityholder Trust Interests and (ii) to participate as a beneficiary of the Litigation Trust[2] in accordance with the Litigation Trust Agreement. The Creditor/Equityholder Trust Interests will be established on the Effective Date pursuant to section 5.12 of the Plan and the terms and conditions set forth in the Creditor/Equityholder Trust Agreement. The Litigation

---

[1]    The Debtors consist of: The Antioch Company; Antioch International, Inc.; Antioch International – Canada, Inc.; Antioch International – New Zealand, Inc.; Antioch Framers Supply Company; zeBlooms, Inc.; and Creative Memories Puerto Rico, Inc.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

1652687

Trust will be established on the Effective Date pursuant to section 5.13 of the Plan and the terms and conditions set forth in the Litigation Trust Agreement. If you elect to receive Creditor/Equityholder Trust Interests and to participate in the Litigation Trust, you will, in consideration for the releases set forth below, (i) receive your pro rata share of 80% of the Creditor/Equityholder Trust Interests equal in amount to the ratio (expressed as a percentage) that the amount of your Allowed Impaired Unsecured Claim bears to the aggregate amount of all Allowed Impaired Unsecured Claims whose Holders timely submit executed Class 5 Release Forms electing to receive such interests and (ii) participate as a Primary Beneficiary of the Litigation Trust according to the terms of the Litigation Trust Agreement. If you fail to timely submit this form, you will not receive any Creditor/Equityholder Trust Interests and you will not participate as a beneficiary of the Litigation Trust.

If you elect to receive Creditor/Equityholder Trust Interests and to participate as a beneficiary of the Litigation Trust, you must, in consideration for such interests, agree to forever release, waive, and discharge (A) the Prepetition Agent, (B) the Prepetition Secured Lenders, (C) the DIP Agent, (D) the DIP Lenders, (E) the Exit Facility Agent, (F) the Exit Facility Lenders, (G) the New Secured Term Loan Notes Agent, (H) the New Secured Term Loan Noteholders, (I) the Creditor/Equityholder Trustee, and (J) with respect to each of the foregoing persons, each of their respective directors, officers, employees, agents, representatives, shareholders, partners, members, attorneys, investment bankers, restructuring consultants and financial advisors in their capacities as such (the "Released Parties") from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen, or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that you would have been legally entitled to assert in your own right against such Released Parties (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Estates, the Chapter 11 Cases, the Plan, or the Disclosure Statement, the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

1652687

**THIS FORM SHOULD BE RETURNED VIA MAIL, FAX, OR E-MAIL TO:**

**THE ANTIOCH COMPANY, BALLOT PROCESSING
C/O EPIQ BANKRUPTCY SOLUTIONS, LLC
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NY 10017**

**E-MAIL: EPIQTEAMBLUE@EPIQSYSTEMS.COM**

**TELEPHONE NUMBER: (646) 282-2500, FACSIMILE NUMBER: (646) 282-2501**

**BY 7:00 P.M. PREVAILING EASTERN TIME, 90 DAYS AFTER THE EFFECTIVE
DATE OF THE PLAN (THE "ELECTION DEADLINE").**

**IF YOU FAIL TO RETURN THIS RELEASE FORM BY THE ELECTION DEADLINE,
YOU WILL BE DEEMED TO ELECT NOT TO RECEIVE
CREDITOR/EQUITYHOLDER TRUST INTERESTS OR TO PARTICIPATE AS A
BENEFICIARY OF THE LITIGATION TRUST.**

PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR DECISION:

Item 1.

☒ The undersigned is the Holder of an allowed Class 5 Impaired Unsecured Claim in the amount of $ 4,239,874.72 dollars.

Item 2. The undersigned Holder elects (please check one):

☒ To RECEIVE the Holder's applicable share of the Creditor/Equityholder Trust Interests and TO PARTICIPATE as a beneficiary of the Litigation Trust in accordance with the Litigation Trust Agreement and, in consideration therefor, agrees to forever release, waive, and discharge the Released Parties from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen, or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that I would have been legally entitled to assert in my own right against such

3

Released Parties (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Estates, the Chapter 11 Cases, this Plan, or the Disclosure Statement, the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

☐      To NOT RECEIVE the Holder's applicable share of the Creditor/Equityholder Trust Interests and to NOT PARTICIPATE as a beneficiary of the Litigation Trust in accordance with the Litigation Trust Agreement.

<u>Item 3</u>.

The undersigned Holder hereby also acknowledges that its election is subject to all the terms and conditions set forth in the Creditor/Equityholder Trust Agreement and the Litigation Trust Agreement.

The Debtors reserve the right to amend the Plan, the Creditor/Equityholder Trust Agreement, and the Litigation Trust Agreement at any time.

4

The undersigned certifies that it has been provided an opportunity to receive, at no cost, a copy of the Disclosure Statement, the Plan, the Creditor/Equityholder Trust Agreement, and the Litigation Trust Agreement.

Name: <u>Lee Morgan Pour Over Trust #2</u>
(Print or Type)

_____
Social Security or Federal Tax I.D. No. (Optional)

Signature: _____

By: <u>Matthew Morgan</u>
    (If Appropriate)

Title: <u>Trustee</u>
    (If Appropriate)

Address: <u>140 Glen Street, Yellow Springs, OH 45387</u>

Telephone Number: <u>(937) 767-7379</u>

Date Completed: _____

**THIS FORM MUST BE RECEIVED BY THE ANTIOCH COMPANY, BALLOT PROCESSING, C/O EPIQ BANKRUPTCY SOLUTIONS, LLC, AT THE ADDRESS, E-MAIL ADDRESS, OR FACSIMILE NUMBER LISTED ABOVE NO LATER THAN 7:00 P.M. PREVAILING EASTERN TIME, 90 DAYS AFTER THE EFFECTIVE DATE OF THE PLAN (THE "ELECTION DEADLINE").**

**IF IT IS NOT RECEIVED BY THE ELECTION DEADLINE, YOU WILL BE DEEMED TO ELECT NOT TO RECEIVE CREDITOR/EQUITYHOLDER TRUST INTERESTS OR TO PARTICIPATE AS A BENEFICIARY OF THE LITIGATION TRUST.**