**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| In re The Antioch Company, et al., | Case Nos. 08-35741 through 08-35747 (Jointly Administered) |
| Debtors | |
| The Antioch Company Litigation Trust, W. Timothy Miller, Trustee, | Adversary Proceeding No. 09-03409 |
| Plaintiff, | Honorable Judge Humphrey |
| v. | |
| Lee Morgan, et al., | |
| Defendants | |

### THE ANTIOCH COMPANY LITIGATION TRUST'S RESPONSE TO FIRST SET OF INTERROGATORIES OF DEFENDANTS LEE MORGAN,ASHA MORAN, CHANDRA ATTIKEN, MARTY MORAN, AND CERTAIN NAMED TRUST DEFENDANTS DIRECTED TO PLAINTIFF THE ANTIOCH COMPANY LITIGATION TRUST

Plaintiff The Antioch Company Litigation Trust (the "Trust") hereby provides the following objections and responses to Defendants Lee Morgan, Asha Moran, Chandra Attiken, Marty Moran and Certain Named Trust Defendants' (collectively, "the Morgan/Moran/Attiken Defendants") First Set of Interrogatories.

### GENERAL OBJECTIONS

1.     Plaintiff objects to these interrogatories to the extent that they purport to seek information and documents protected by the work-product doctrine and/or the attorney-client privilege.

2.     Plaintiff objects to the Definitions and Instructions to the extent that they alter the plain meaning of any term or impose obligations on Plaintiff that are

inconsistent with or in addition to the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

3.      Plaintiff's investigation of the facts and information that relate to the claims and defenses asserted in this action is ongoing and its responses to these interrogatories are based upon information now known to Plaintiff.  Plaintiff reserves the right to modify and/or supplement any of its responses.

4.      All of the following responses are made without waiving, but expressly preserving:

a.      All questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceeding, or in the trial of, this or any other action;

b.      The right to object to the use of these responses or documents or the subject matter thereof, in any subsequent proceedings, or in the trial of, this or any other action on any grounds;

c.      The right to object on any grounds at any time to a demand for further responses to these or any other interrogatories or other discovery procedures involving or relating to the subject matter of the interrogatory herein responded to and/or the subject matters of any and all documents identified in accordance herewith; and

d.      The right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

## RESPONSES TO INTERROGATORIES

1.      Describe any and all efforts (and disclose in detail the results of all efforts) to locate, investigate, serve with process, subpoena, sue, collect from, request documents from, request information from, or correspond with a surety for any debt of Antioch or any other entity that created any sort of bond or insurance for a debt of

Antioch, including without limitation Ross Fuller, Harvey Milam, any and all entities with "Condor" forming a part of the entity name, and past or present agents of such entities.

**RESPONSE:**

The Trust objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Without waiving this objection, the Trust states that the Second Amended Joint Prepackaged Plan of Reorganization of The Antioch Company and its Affiliated Debtors, and the Confirmation Order entered by the Bankruptcy Court on January 27, 2009, provided that any claims held by the Debtors or their Estates against Condor Guaranty, Inc., Condor Insurance Limited, or any subsidiary, affiliate, parent, principal, partner, limited partner, shareholder, officer, director, insider, interestholder, assignee, transferee, or agent of Condor Guaranty, Inc. and Condor Insurance Limited (collectively, the "Surety") were not assigned to the Litigation Trust. The Reorganized Debtors retained the right to enforce, sue on, settle or compromise those claims. The Trust understands that counsel for the Reorganized Debtors, after an investigation, decided not to bring litigation against the Surety due to the uncollectability of the claims. In accordance with the Plan and Confirmation Order, the Trust has not pursued claims against or communicated with Ross Fuller, Harvey Milam, or any Condor entity.

2.     State in detail, and with particularity, the total losses and damages that You seek to recover in this case. Include the categories of losses and damages that You are claiming, the amount of such losses and damages for each category, and the manner in which these losses and damages are calculated.

**RESPONSE:**

The Trust previously disclosed that its damages include, but are not limited to: (1) the difference between the consideration paid to the selling shareholders in 2003 for their shares of Antioch stock and the actual fair market value of those

12525759.1                                          -3-

shares; (2) interest, fees and other charges on debt incurred by Antioch in order to finance the 2003 stock purchases and subsequent repurchase obligations in connection with departing employees; (3) fees and expenses paid to restructuring professionals as a result of the deepening insolvency of Antioch; (4) as to conflicted selling shareholders, disgorgement of all consideration received from the company in the 2003 tender offer; and (5) the loss in enterprise value that resulted from the tender offer and the sale process.

The Trust continues to analyze information relevant to the calculation of damages. The Trust provides the following additional information for each of the categories of damages it has identified. This information is based on the Trust's preliminary review and analysis and remains subject to further investigation and analysis. By failing to identify any particular category of damages or information with respect to any category, the Trust does not exclude additional categories of damages or information relevant to calculating its damages.

### A. The Difference between the Consideration Paid to the Selling Shareholders In 2003 for Their Shares of Antioch Stock and the Actual Fair Market Value of Those Shares

Based on its review of documents provided to the Trust and/or The Official Committee of Unsecured Creditors of The Antioch Company (the "Committee"), the Trust understands that The Antioch Company (the "Company" or "Antioch") paid selling shareholders a price of $850 per share. The Trust anticipates engaging one or more experts to opine on the fair market value of shares of Antioch stock as of the date of the Tender Offer. The Trust will seek to recover the difference between the fair market value of the shares and the $850 price paid. For purposes of illustration only, if an expert opined that the actual fair market value of Antioch shares as of the date of the Tender Offer was $750, the Trust's damages would amount to not less than $27,468,000.

### B. Interest, Fees and Other Charges on Debt Incurred by Antioch in Order to Finance the 2003 Stock Purchases and Subsequent Repurchase Obligations in Connection with Departing Employees

Based on its review of documents provided to the Trust and/or the Committee by the Company, the Trust understands that the Company's interest-bearing debt increased by not less than $190,200,000 as a result of the Tender Offer. This category of damages would include interest, fees, and other financing charges incurred between December 2003 through November 2008. The Trust anticipates engaging one or more experts to calculate such charges and to apply any appropriate discounts.

**C.** **Fees and Expenses Paid to Restructuring Professionals as a Result of the Deepening Insolvency of Antioch**

Based on its review of documents provided to the Trust and/or the Committee, the Trust believes its records of fees the Company paid to restructuring professionals as a result of Antioch's deepening insolvency are incomplete. The Trust has requested detailed invoices from restructuring professionals and will supplement its Initial Disclosures with respect to this category of damages.

**D.** **As to Conflicting Selling Shareholders, Disgorgement of all Consideration Received from the Company in the 2003 Tender Offer**

Based on its review of documents provided to the Trust and/or the Committee by the Company, the Trust understands that the following individuals received consideration in value totaling not less than the following amounts:

Lee Morgan - $58,112,800
Asha Morgan Moran - $80,512,850
Ben Carlson - $1,487,500
Jeanine McLaughlin - $2,206,000
Denis Sanan - $5,848,000
Malte von Matthiessen - $1,079,500
Nancy Blair - $63,750
Barry Hoskins - $2,415,700
Chandra Attiken - $1,003,000

**E.** **The Loss in Enterprise Value that Resulted from the Tender Offer and the Sale Process**

The Trust anticipates engaging one or more experts to opine on the loss in enterprise value that resulted from the Tender Offer and the sale process. Based on its review of documents provided to the Trust and/or the Committee, the Trust believes such lost value approximates not less than $121 million. The Trust arrives at this calculation based on expressions of interest in the Company received from Jostens and Sun Capital during the summer of 2007, which valued Antioch at between $148 million and $185 million based on multiples of 4 to 5 times EBITDA of approximately $37 million. By May 2008, the Company's value had declined to approximately $54 million based on J.H. Whitney's proposal to purchase the Company. Although portions of this decrease in value may be attributable to factors other than the sale process, the Trust believes the loss of enterprise value is actually greater than the decrease in value between 2007 and 2008 because the Tender Offer depleted the Company's liquidity and

complicated its structure in a way that made it far less marketable than it would have otherwise been.

3.      Set forth the computation and/or damage model used to arrive at each amount of damage for each category of damages set forth in response to Interrogatory No. 2.

**RESPONSE:**

See response to interrogatory No. 2.

4.      Identify all witnesses and exhibits upon which You expect to rely in any briefing, hearing or trial in this matter, and the relevant topics within their knowledge.

**RESPONSE:**

The Trust objects to this interrogatory on the grounds that it is premature and

seeks information protected by the attorney-client privilege and the work product

doctrine.  The Trust will identify witnesses and exhibits in accordance with the Federal

Rules of Civil Procedure, the Stipulated Plan and Order for Coordinated Discovery, and

any other relevant scheduling orders issued by the Court.

5.      Identify all experts or consultants on whose opinions or analyses you expect to rely in any briefing, hearing or trial in this matter, and the topics of such opinions or analyses.

**RESPONSE:**

The Trust objects to this interrogatory on the grounds that it is premature and

seeks information protected by the attorney-client privilege and the work product

doctrine.  The Trust will identify any experts who opinions may be presented at trial in

accordance with the Federal Rules of Civil Procedure, the Stipulated Plan and Order for

Coordinated Discovery, and any other relevant scheduling orders issued by the Court.

6.      Identify all Documents that provided, in whole or in part, Your reasonable factual basis for asserting the allegations in the Complaint and/or Amended Complaint, along with the paragraph number(s) for which each Document provided the basis.

**RESPONSE:**

The Trust objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and the work product doctrine, and because it is overly broad and unduly burdensome.  There are thousands of documents, which have been produced to Defendants, that provide, in whole or in part, the reasonable factual basis for the allegations in the Complaint and the Amended Complaint.

As to Objections,

/s/ Marcia Voorhis Andrew
Marcia Voorhis Andrew (0040289)
Beth A. Silvers (0081236)
Christina L. Fischer (0083312)
Emily C. McNicholas (0085149)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 381-2838 Phone
(513) 381-0205 Fax
andrew@taftlaw.com
silvers@taftlaw.com
cfischer@taftlaw.com
emcnicholas@taftlaw.com

Attorneys for Plaintiff
The Antioch Company Litigation Trust

## **VERIFICATION**

STATE OF OHIO                                              )
                                                          )   :ss
COUNTY OF HAMILTON_____        )

I am the Plaintiff in this action, and state that the foregoing Responses to

Interrogatories are true and correct to the best of my knowledge, information and belief.


/s/ W. Timothy Miller
W. Timothy Miller, Trustee
The Antioch Company Litigation Trust


Sworn to and subscribed before me this 20th day of December, 2011.


/s/ Emily C. McNicholas
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2011, I served the original of the foregoing by electronic mail and regular U.S. Mail, postage prepaid, on:

Michael L. Scheier
Brian P. Muething
Danielle M. D'Addesa
David T. Bules
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
*Counsel for Lee Morgan, Asha Morgan Moran,
Chandra Attiken, Marty Moran, Lee Morgan GDOT
Trust #1, Lee Morgan GDOT Trust #2, Lee Morgan
GDOT Trust #3, Lee Morgan Pourover Trust #1
and Lee Morgan Pourover Trust #2*

and a copy by electronic mail on the following:

R. Daniel Prentiss
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903
*Counsel for James A. Northrop*

Robert T. Glickman
Robert R. Kracht
Susan C. Margulies
Kimberly A. Brennan
McCarthy, Lebit, Crystal & Liffman Co., L.P.A.
101 West Prospect Avenue
1800 Midland Building
Cleveland, OH 44115
*Counsel for Candlewood Partners, LLC*

Ronald E. Gold
Scott R. Brown
Frost Brown Todd LLC
3300 Great American Tower
301 E. Fourth Street
Cincinnati, OH 45202
*Counsel for CRG Partners Group, LLC, Michael
Epstein and Paul Ravaris*

James F. Wallack
Gregory O. Kaden
Vanessa V. Peck
Goulston & Storrs, PC
400 Atlantic Avenue
Boston, MA 02110
*Counsel for CRG Partners Group, LLC, Michael
Epstein and Paul Ravaris*

Terence L. Fague
Coolidge Wall Co., L.P.A.
33 W. First Street, Suite 600
Dayton, OH 45402
*Counsel for Nancy Blair, Wayne Alan Luce and
Frederick Walker*

Robert A. Klinger
Robert A. Klinger Co., L.P.A.
525 Vine Street, Suite 2320
Cincinnati, OH 45202-3133
*Counsel for Steve Bevelhymer, Karen Felix, Barry
Hoskins, G. Robert Morris and Kimberly Lipson-
Wilson*

12525759.1

Thomas A. Knoth
Scott A. King
Jennifer L. Maffett
Thompson Hine LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Dayton, OH 45342
*Counsel for Malte vonMatthiessen, Denis Sanan,*
*Ben Carlson and Jeanine McLaughlin*

Richard A. Chesley
Gregory S. Otsuka
DLA Piper LLP
203 N. LaSalle Street, 19th Floor
Chicago, IL 60601
*Counsel for Houlihan Lokey, Inc., Houlihan Lokey*
*Financial Advisors, Inc. and Houlihan Lokey*
*Capital, Inc.*

/s/ Beth A. Silvers