## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **THE ANTIOCH COMPANY** | ) | **Case No. 3:10-cv-00156** |
| **LITIGATION TRUST** | ) | |
| | ) | **(Judge Timothy S. Black)** |
| **Plaintiff,** | ) | |
| | ) | |
| **-v-** | ) | |
| | ) | |
| **LEE MORGAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS LEE MORGAN AND ASHA MORAN'S
## REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
## ON COUNT ELEVEN OF PLAINTIFF'S FIRST AMENDED COMPLAINT
## AND IN OPPOSITION TO PLAINTIFF'S REQUEST FOR RECONSIDERATION

## I.      INTRODUCTION

Defendants file this Reply Brief in further support of their Summary Judgment Motion as to Plaintiff's equitable subordination claim in Count Eleven. The positions staked out by Plaintiff in its Opposition Brief and Request for Reconsideration (Doc. 313) and in our Motion (Doc. 309) require summary judgment for Defendants Lee Morgan and Asha Moran in conformity with this Court's prior ruling granting summary judgment for the Morgan Family Trusts (Doc. 302). As to Plaintiff's so-called "request for reconsideration," it lacks merit, is futile because Plaintiff fails to even address a number of the independent bases underlying the Court's judgment in favor of the Morgan Family Trusts, and it should therefore be summarily denied.

II.    **ARGUMENT**

     A.     **Like the Morgan Family Trusts, Mr. Morgan and Ms. Moran are Entitled to Summary Judgment On Plaintiff's Equitable Subordination Claim as a Matter of Law.**

The cornerstone of the Court's prior summary judgment ruling in favor of the Morgan Family Trusts was that as a matter of law equitable subordination under section 510(c) does not apply to the type of economic interest held by the Morgan Family Trusts in the Litigation Trust. (Doc. 302 at 10, PAGEID #29078.)  Nowhere in its Opposition Brief does Plaintiff even address this specific holding by the Court, nor does Plaintiff dispute that the interest Mr. Morgan and Ms. Moran hold in the Litigation Trust is the exact same type of interest in the Litigation Trust held by the Morgan Family Trusts.  On this basis alone, Plaintiff's equitable subordination claims against Mr. Morgan and Ms. Moran must fail as a matter of law, and the Court should grant summary judgment to Mr. Morgan and Ms. Moran.

Furthermore, while insisting upon a plain reading of the Plan (*see* Doc. 313 at 10-11, PAGEID # 29280-81), Plaintiff actually disavows the plain language used in the Plan to define the contours of its equitable subordination rights.  Based on the Plan's plain English, the Court previously recognized that the Plan only reserved to the Plaintiff the right to equitably subordinate "any Claim," and "Plaintiff does not argue that an interest in the Litigation Trust is a 'Claim.'" (*See id.*, *citing* Bankr. Doc. 319, Ex. A, Plan at § 1.44.)  Same here.  Plaintiff makes no such argument in opposing Mr. Morgan's and Ms. Moran's Motion, or in its reconsideration motion.

Moreover, the Court has previously applied the plain language of both the Plan and Code section 510(c) to hold that the type of interest that is subject to equitable subordination under that section is a pre-petition equity interest in a debtor like Antioch, and not the economic interests of

- 2 -

beneficiaries like the Morgan Family Trusts, Mr. Morgan or Ms. Moran, in the Litigation Trust. (Doc. 302 at 7-10, PAGEID # 24075-78.)  Based upon this clear language of the Plan and section 510(c), the Court properly held that "[t]he scope of authority under the Plan does not extend to the subordination of 'allowed interests' referenced in Section 510(c)."  (Doc. 302 at 8, PAGEID # 29076, *citing Owners Ins. Co. v. Barone*, 832 F. Supp. 2d 804, 808 (N.D. Ohio 2011) (The Plan is like a contract, and the Court must apply the plain language of the Plan as it would with a contract.).)  Accordingly, summary judgment in Mr. Morgan's and Ms. Moran's favor is also proper on these grounds alone.

Moreover, conceding an additional basis upon which the Court granted summary judgment to the Morgan Family Trusts applicable to the pending motion, Plaintiff has once again admitted that "Class 5 Claims would receive *no distribution* under the Plan."  (Doc. 313 at 5-6, PAGEID # 29275-76 (emphasis added); *see also* Doc. 275 at 4, PAGEID # 26405 (same).)  This concession is not surprising since the Plan clearly states that Holders of Class 5 Claims like the Morgan Family Trusts, Mr. Morgan and Ms. Moran, "*shall not receive or retain any property* on account of such [Claims]."  (Bankr. Ct. Doc. 319, Plan at § 3.3(b) (emphasis added).)  Indeed, the Court agreed with Plaintiff in its prior summary judgment ruling, holding that these Claims "received no distribution of estate property and were discharged."  (Doc. 302 at 6, # 29074.) Accordingly, the Court held "that there are no 'Allowed Claims' to equitably subordinate" because "subordinating claims that receive no distribution is both inconsistent with the language of Section 510(c) and futile."  (*Id*. at 7, PAGEID # 29075.)  This rationale applies just as clearly to Mr. Morgan's and Ms. Moran's motion.

Plaintiff's response seems to take the position that the Litigation Trust's receipt of Antioch's causes of action was an indirect distribution of estate property to Class 5 Claims.  But

- 3 -

this argument runs contrary to the clear and plain language of the Plan, which states that Class 5 Claims "shall not receive or obtain any property on account of such [Claims]." (Bankr. Ct. Doc 319, Plan at § 3.3(b).) It also runs contrary to Plaintiff's continued acknowledgement that "Class 5 Claims would receive no distribution under the Plan" and that instead Defendants received their economic interest in the Litigation Trust "in consideration for executing" a release of Defendants' litigation claims against certain third parties. (Doc. 313 at 6, PAGEID # 29276; *see also* Doc. 275 at 4, PAGEID # 26405 and at 5-6, PAGEID # 26406-07.) As to the release, it is real and valuable consideration, and by delivering it, Defendants bought an economic stake in the Litigation Trust rather than receiving a distribution from the Debtor's estate that would have come in contradiction of the Plan's treatment of Class 5 Claims and the Bankruptcy Code's absolute priority rule.[1]

All told, the Court had previously concluded that "it is evident from the plain terms of the Plan" that the Morgan Family Trusts do not hold allowed claims or allowed interests for the purposes of section 510, so as a matter of law summary judgment was required. (*Id.*) It follows that Mr. Morgan and Ms. Moran likewise do not hold allowed claims or allowed interests in the Litigation Trust subject to equitable subordination under section 510(c) because their economic interest in the Litigation Trust is the same as the interest of the Morgan Family Trusts. As a

---

[1]  The provision of the Plan that provides Class 5 Claims received no distribution is not without significance. Defendants' receipt of any distribution from the Debtor's estate assets on account of their Claims would violate the "absolute priority rule" codified under Bankruptcy Code section 1129(b), "which provides that absent full satisfaction of a creditor's allowed claims, no member of a class junior in priority to that creditor may receive anything at all on account of their claim or equity interest." *Official Comm. of Unsecured Creditors v. Dow Chem. Corp. (In re Dow Corning Corp.)*, 456 F.3d 668, 672 (6th Cir. 2006).

result, Mr. Morgan and Ms. Moran are entitled to summary judgment, and Plaintiff's equitable subordination claims against them should be dismissed.[2]

### B. Plaintiff's Disparaging Remarks About Mr. Morgan and Ms. Moran Are Unsupported in the Record and More Importantly Irrelevant to the Equitable Subordination Claim.

Plaintiff's unsupported remarks about Mr. Morgan's and Ms. Moran's conduct as Antioch directors and officers, though maybe understandable at the pre-discovery pleading stage, were simply not borne out after over two years of fact and expert discovery. (*See* Doc. 313 at 7, 14, PAGEID # 29277, 29284.) Plaintiff's underlying non-bankruptcy claims against Mr. Morgan and Ms. Moran will not be tried because there was no genuine dispute as to any material fact for a jury to consider regarding Mr. Morgan's or Ms. Moran's role, or the role of any other former Antioch officer and director, in the Company's financial decline. *See* Doc. 71 (Order Granting Defendants' Motions for Reconsideration dismissing all claims for aiding-and-abetting breaches of fiduciary duty); Doc. 129 (Order Granting Defendants' Motion for Partial Summary Judgment on Plaintiff's breach of fiduciary duty claims related to the 2003 Transaction); Doc. 300 (Order Granting Defendants' Motion to Exclude Plaintiff's Expert Report Regarding Damages and thereby dismissing Plaintiff's claims against Mr. Morgan and Ms. Moran related to the Levimo sale/leaseback transaction, the 2007 sale process, and the 2008 sale process, as well as Plaintiff's claim against Mr. Morgan for tortious interference with business contracts).)

And the foregoing procedural reality is relevant to the pending Motion because Plaintiff's equitable subordination claim is derivative of the underlying tort claims that have been

---

[2] Plaintiff spends much of its brief arguing that Class 5 Claims *against the estate* still exist. (*See e.g.* Doc. 313 at 10, PAGEID # 29280.) Their argument, however, misses the point. The Court's summary judgment in favor of the Morgan Family Trusts was based, among other things, upon the fact that Class 5 Claims "received no distribution from the bankruptcy estate to subordinate, [and that] subordinating claims that receive no distribution is both inconsistent with the language of section 510(c) and futile." (Doc 302 at 7, PAGEID# 29075.) Plaintiff never has nor does it now argue that Class 5 Allowed Claims received a distribution from the estate so their argument is irrelevant.

dismissed.  The equitable subordination claim therefore fails as a matter of law for this additional independent reason, as the Court previously ruled in dismissing the equitable subordination claim against Chandra Attiken.  (*See* Doc. 200 at 2, fn. 2 (Order Granting Defendant Attiken's Motion for Summary Judgment on Plaintiff's equitable subordination claim as derivative of underlying breach of fiduciary duty claim).)  *See also, Perkins v. Arif (In re Innovation Fuels, Inc.)*, 2013 Bankr. LEXIS 3041 (Bankr. D.N.J., Jul. 22, 2013) (dismissing derivative equitable subordination claims upon dismissal of underlying breach of fiduciary duty claims).

### C.    Plaintiff's "Request" for Reconsideration Should Be Denied on the Merits and Because It is Futile.

Putting aside for the moment that Plaintiff did not mention its intent to ask the Court to reconsider its judgment for the Morgan Family Trusts at the April 25, 2014 status conference where we developed expedited briefing schedules for pre-trial motion practice, the Court may summarily deny the Plaintiff's reconsideration requests on the merits.  Accordingly, the summary judgment previously entered for the Morgan Family Trusts (Doc. 302) should stand.[3]

Plaintiff does not address one of the Court's important and independent bases for granting the Morgan Family Trusts' Motion for Summary Judgment.  The Court held summary judgment was appropriate because "Plaintiff's invocation of the exception to the general rule against imputation of an individual's misconduct to a trust fails as a matter of law."  (Doc. 302 at 14, PAGEID # 29082.)   In addition, the Court held that "[e]ven if Plaintiff could prove inequitable conduct on the part of the Morgan Family Trusts, Plaintiff failed to evidence that the Morgan Family Trusts' participation in the Company's Tender Offer to purchase their shares in the 2003 Transaction directly resulted in any injury to the other creditors or conferred an unfair

---

[3]  Plaintiff buried its request in its brief opposing Mr. Morgan's and Ms. Moran's summary judgment motion.  They did not file a proper motion to reconsider or seek leave to file a motion to reconsider.  *See* Fed. R. Civ. P. 7(b)(1) (request for an order for relief "must be made by motion.")  In case the Court wants to address Plaintiff's request despite this procedural irregularity, we will brief the merits of it.

advantage on the Morgan Family Trusts." (*Id.*) Those grounds for summary judgment are unchallenged in Plaintiff's request, independently support the grant of summary judgment for the Morgan Family Trusts, and the Court therefore need look no further to deny the Plaintiff's request to reconsider. But there is more that Plaintiff fails to refute.

As we show above, in opposing Mr. Morgan's and Ms. Moran's summary judgment motion, Plaintiff never grapples with and therefore does not disrupt, the foundations of the Court's solid conclusion that the Morgan Family Trusts are entitled to summary judgment because (1) equitable subordination under section 510(c) does not apply to the type of economic interest held by the Morgan Family Trusts in the Litigation Trust; (2) the Plan only reserves the right of Plaintiff to equitably subordinate "any Claim," and it is undisputed that an interest in the Litigation Trust is not a Claim; and (3) under the plain language of the Plan and Bankruptcy Code, the Morgan Family Trusts do not hold allowed claims or allowed interests subject to equitable subordination under section 510(c). For these independent reasons too, the Court's prior decision should remain undisturbed.[4]

We also briefly address Plaintiff's explanation for its request to reconsider because it is baseless. Plaintiff contends that its request is necessary because the Court's ruling in favor of the Morgan Family Trusts was made before Plaintiff had an opportunity to seek leave to file a sur-reply to the Morgan Family Trusts' Reply Brief in Support (Doc. 290). (Doc. 313 at 12, PAGEID # 29282.) But this does not jive with the chronology reflected on the docket. The Morgan Family Trusts' reply brief in support was filed on March 26, 2014. Almost 3 weeks

---

[4] Plaintiff never addresses the "clear error" or "manifest injustice" standards that govern its Request for Reconsideration under Fed. R. Civ. P. 54(b), let alone how it has satisfied such standards. Indeed, for a trial court's decision to be "clearly erroneous," 'a decision must strike us as more than just maybe or probably wrong; it must…strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.' *United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990), *quoting Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988); *see also Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004) (defining "manifest injustice" as "an error in the trial court that is direct, obvious, and observable.").

later, on April 14, 2014, the Court entered the Order Granting the Morgan Family Trusts' Motion for Summary Judgment on Count 11 (Doc. 302).  If the Plaintiff believed a sur-reply was truly necessary, it had almost three weeks time to seek leave to file one.

Moreover, on April 25, 2014, Plaintiff's counsel was before the Court for a telephonic status conference.  The parties agreed upon an expedited pre-trial briefing schedule including, with Plaintiff's counsel's input, certain dates for the filing of the parties' papers related to Mr. Morgan's and Ms. Moran's pending Motion.  Yet Plaintiff never mentioned an intention (or even a thought of) seeking reconsideration and an applicable briefing schedule.  Plaintiff just went ahead and put its request in the opposition brief on May 2, 2014 (Doc. 313).

As a result of the procedural irregularities we have identified, and because Plaintiff fails to even attack the merits of the Court's prior decision in favor of the Morgan Family Trusts, we submit that a reply brief is not necessary (there is no provision for one in the Court's Notation Order of April 25, 2014) and that the Court should summarily deny the Plaintiff's request on the merits.

## III.   <u>CONCLUSION</u>

Based on the foregoing, and for the reasons set forth in the Motion and in the Court's prior equitable subordination decision (Doc. 302), summary judgment on Count Eleven for Mr. Morgan and Ms. Moran is appropriate.  In addition, the Court should deny Plaintiff's informal request for reconsideration.

Respectfully submitted,


/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Brian P. Muething (0076315)
Anthony M. Verticchio (0084645)
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
bmuething@kmklaw.com
tverticchio@kmklaw.com

*Attorneys for Defendants Lee Morgan and
Asha Moran*


OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Oh 45202
(513) 579-6400

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 5, 2014 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docketing system.


/s/ Michael L. Scheier
Michael L. Scheier


5444941.2