UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE ANTIOCH COMPANY LITIGATION TRUST, W. TIMOTHY MILLER, TRUSTEE, | : : : : | Case No. 3:10-cv-156 |
| Plaintiff, | : : | Judge Timothy S. Black |
| vs. | : : | |
| LEE MORGAN, *et al.*, | : : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS LEE MORGAN'S AND ASHA MORAN'S MOTION FOR SUMMARY JUDGMENT ON COUNT 11 (Doc. 309)**

This civil action is before the Court on Defendants Lee Morgan and Asha Moran's motion for summary judgment on Count 11 (Doc. 309), and the parties' responsive memoranda (Docs. 313[1], 314). Count 11 seeks equitable subordination of the claims asserted in the bankruptcy case.[2]

---

[1] Plaintiff also requests that the Court reconsider its Order granting the Morgan Trusts' motion for summary judgment on Count Eleven. (Doc. 302). Plaintiff suggests that the Court's order was entered before it had the opportunity to request a sur-reply. (Doc. 313 at 12). The Court finds this argument to be disingenuous, as the motion was ripe for 19 days before the Court entered its decision, and Plaintiff knew the Court intended to act forthwith due to the calendar constraints. (*See* 2/14/14 Notation Order). Moreover, on April 25, 2014, the parties agreed upon an expedited pre-trial briefing scheduling related to the instant motion, and Plaintiff never indicated that it intended to seek reconsideration. This Court declines to revisit its prior ruling. Plaintiff has failed to make a showing of "manifest injustice." *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004) (defining "manifest injustice" as "an error in the trial court that is direct, obvious, and observable."). Moreover, "motions for reconsideration are disfavored." *Davie v. Mitchell*, 291 F.Supp.2d 573 (N.D. Ohio 2003).

[2] In a successful equitable subordination action, all or part of any secured or unsecured claim may be subordinated. In effect, the theory of equitable subordination allows a court to strip a secured creditor of all validly perfected lien rights.

## I.  BACKGROUND FACTS

As of the Petition date, Lee Morgan and Asha Moran were holders of unsecured promissory notes issued by the Antioch Company arising directly and indirectly from the 2003 tender offer transaction.  (Doc. 308 at ¶ 1).  Those notes remained unpaid when, on November 13, 2008, the Antioch Company and certain affiliates filed for bankruptcy.  (*Id.*)

The Antioch Company and its Affiliate Debtors filed for bankruptcy on November 13, 2008.  (Doc. 234 at ¶ 10).  The Second Amended Joint Prepackaged Plan of Reorganization of the Antioch Company and Its Affiliate Debtors (the "Plan") was confirmed by the Bankruptcy Court on January 27, 2009.  (Doc. 308 at ¶ 2).

Under the Plan, Mr. Morgan and Ms. Moran were Holders of Class 5 Allowed Impaired Unsecured Claims, just like the Defendant Morgan Family Trusts.  (*Id.* at ¶ 3).  As with all similarly situated unsecured creditors, including the Morgan Family Trusts, neither Mr. Morgan nor Ms. Moran received any distribution of estate property on account of the Class 5 Allowed Claims, and those claims were discharged.  (Doc. 308 at ¶ 4; Doc. 302 ("The Morgan Trusts Allowed Class 5 Claims, like all other Allowed Class 5 Claims, received no distribution of estate property and were discharged.")).  Under the Plan, as Holders of unpaid Subordinated Notes as of the Petition Date, the Morgan Trusts' Claims were treated as Class 5 Holders of Allowed Impaired Unsecured Claims.  (Doc. 308 at  ¶ 12).

Like the Morgan Family Trusts, Mr. Morgan and Ms. Moran executed a release of claims against several third parties (the "Release"). As consideration for the Release, Mr. Morgan and Ms. Moran received a proportional economic interest in the Litigation Trust, just like the Morgan Family Trusts (and all other similarly situated creditors who executed a release). (Doc. 308 at ¶ 5).

## II.  STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

## III.  ANALYSIS

Equitable subordination is a bankruptcy-specific concept, and its application is limited to that context…[and] governed by 11 U.S.C. Section 510(c)(1)." *Gaymar*

3

*Indus., Inc. v. FirstMerit Bank, N.A.*, No. 5:07cv2023, 2008 U.S. Dist. LEXIS 108008, at *10 (N.D. Ohio Mar. 10, 2008).  Section 510(c)(1) of the Bankruptcy Code makes clear that equitable subordination can only be applied to an "allowed claim" or "allowed interest."  The Code states:

> (c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may –
>
> (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest[.]

11 .S.C. § 510(c)(1).

### A. Allowed Claims

It is undisputed that Mr. Morgan and Ms. Moran no longer hold an Allowed Claim against the bankruptcy estate.  Their Allowed Class 5 Claims received no distribution and were discharged.  (Doc. 302 at 6, PageID 29074).  Therefore, as the Court previously found, "there are no Allowed Claims to equitably subordinate."  (Doc. 302 at 7).

### B. Allowed Interests

Next, Plaintiff maintains that Defendants "interest" in the Litigation Trust fits the definition of "allowed interest" as the term is used in Bankruptcy Code section 510(c) and can therefore itself be subordinated to other "interests" in that Trust.

In exchange for their Allowed Claims, the Morgan Defendants received Litigation Trust Interests, which are defined by the Plan as:

4

> **1.82** **Litigation Trust Interests** means the beneficial interests in
>
> The Litigation Trust consisting of (i) the Primary Beneficial Interests and (ii) the Secondary Beneficial Interests.
>
> \*\*\*
>
> 1.109 Primary Beneficial Interest means those Litigation Trust Interests having the attributes described in the Litigation Trust Agreement which will be distributed to Holders of Allowed Impaired Unsecured Claims who timely execute and submit a Class 5 Release Form.

(Bankr. Doc. 319, Ex. A at §§ 1.82, 1.109).

The interest that Mr. Morgan and Ms. Moran have in the Litigation Trust is the exact same type of interest held by the Morgan Family Trusts.  For the same reasons set out by the Court in its previous Order, equitable subordination does not and cannot apply to the Defendants' economic interest in the Litigation Trust.  (Doc. 302 at 7-10) ("[T]here are no 'Allowed Claims' to equitably subordinate" because "subordinating claims that receive no distribution is both inconsistent with the language of Section 510(c) and futile.").  Therefore, Plaintiff's equitable subordination claim against Mr. Morgan and Ms. Moran fails as a matter of law.  (*Id.*)

## IV.  CONCLUSION

Accordingly, for these reasons, Lee Morgan and Asha Moran's motion for summary judgment on Count Eleven (Doc. 309) is **GRANTED**.

**IT IS SO ORDERED**.

Date:  5/6/14 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge