UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE ANTIOCH COMPANY LITIGATION TRUST | ) Case No. 3:10-cv-00156 <br> ) <br> ) (Judge Timothy S. Black) |
| Plaintiff, | ) <br> ) |
| -v- | ) <br> ) |
| LEE MORGAN, et al., | ) <br> ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S FILING AT DOCKET NO. 333**

At the April 2, 2014 oral argument on Defendants' motion to exclude plaintiff's expert, we made the point that litigating this case with Plaintiff is akin to "chasing ghosts" because Plaintiff seems to conjure new arguments and new "evidence" in reaction to a Court decision or an otherwise seemingly settled issue. Plaintiff's unauthorized brief—in part a procedurally improper sur-reply and in part a supplemental brief on an issue already fully briefed and decided—falls within that category.

### 1. The IRS Manual is Not a Statement of Law.

The parties have been briefing issues related to adequate security for five years. There have been three rounds of summary judgment briefing on Count Three in the last year alone. Plaintiff has never before referenced the IRS document cited in its unauthorized sur-reply. Certainly it was not mentioned in briefing a few months ago that lead the Court to expressly conclude that there is "nothing…to indicate that an unrated [by A.M. Best] company is inferior. The fact that Condor Insurance was 'not rated' by A.M. Best means nothing more than it was 'not rated.'" (Doc. 301 at PAGEID # 29054, n.4.) Nor did Plaintiff raise this IRS manual in its

actual opposition to the motion in limine. Five years and several pertinent rounds of briefing into this case, on the eve of trial, Plaintiff first cites a so-called IRS "manual." Chasing ghosts.

Nor is Plaintiff even seeking to put this hearsay document to the jury. The only way to understand Plaintiff's position is to look at Plaintiff's Jury Instruction No. 17. Plaintiff cites a snippet of the manual as the sole legal source for the proposed instruction. Plaintiff's argument (and proposed jury instruction) relies on a line from a 2006 IRS "manual" that describes itself as "Employee Plans Technical Guidance" that "provides guidance for examiners on how to examine [an ESOP]."  Plaintiff did not provide us or the Court with it, but we tracked this forty-page manual down online and see that it is written for IRS employees and gives them guidance on how to "examine" certain issues. The language Plaintiff cites is in a section on "put options" so the parties and presumably the Court are left to wonder how the document is at all relevant to the ESOP Notes. But if the manual really is an apples-to-apples examination guide pertinent to a hypothetical examination of the Antioch Company ESOP, it does not state the law or a rule of law.[1]  In other words, it is not a proper source for a jury instruction, and therefore does not support the introduction of the A.M. Best issue.[2]

For these reasons, Plaintiff's Jury Instruction No. 17 is objectionable, an issue we will address more fully in objecting to certain of Plaintiff's instructions. And the IRS manual is not cause to overrule the motion in limine.[3]

---

[1] And Plaintiff still does not address that the non-rating is not better or worse than the "A" rating referred to in the IRS manual—if a teacher gives one student's paper a high grade and has not read another student's effort yet, would anyone say the first student received a better grade? Of course not, but that's essentially what Plaintiff wants to argue. Nor does Plaintiff bother to explain how a 2006 document pertains to the 2004 engagement of Condor.

[2] By citing a forty-page manual that purports to educate IRS employees on these issues, Plaintiff entirely undercuts its earlier position that issues related to insurance ratings and adequate security are so simple as not to need expert testimony.

[3] A final point on the issue. It is notable that the only case cited in the sur-reply is *Roth v. Sawyer-Cleator Lumber Company Employee Stock Ownership Plan*, 16 F.3d 915, 918 (8th Cir. 1994), an ERISA case. There is a history in

### 2. **The Defenses.**

This portion of Plaintiff's brief is not in any way responsive to any pending motion in limine. Moreover, Plaintiff's statements about the timing of our disclosure of defenses are simply wrong, but rather than debate the point, we will move right to the merits.

First, the setoff defense of Ms. Moran. The basis of Antioch's debt to her is the Bankruptcy Court order allowing her claim and acknowledging the debt as valid. Its genesis is not at all pertinent and Plaintiff has not revealed any rationale for why it is. What is pertinent is that Ms. Moran is owed money by Antioch, and the Court and jury need look no further than the Bankruptcy Court order allowing Ms. Moran's claim to evidence that fact. Pressing that defense does not run afoul of the Court's prior in limine order at all.

Second, the ordinary course defense of Mr. Morgan. The Court will recall that when we sought exclusion of the Tender Offer evidence, Plaintiff said, with respect to the preference claim, that the 2003 evidence was related to proving the intent of the parties and their knowledge as to the financial condition of the company at the time of the transfers. (Doc. 316 at PAGEID #29373.) We cited cases saying those issues were actually not relevant to a claim or defense and the Court agreed. Last night a new ghost appeared: though never mentioned in the opposition to the motion to exclude the Tender Offer evidence, Plaintiff now claims that the Tender Offer evidence was relevant to defeating Mr. Morgan's ordinary course defense (asserted many years

---

this matter with respect to *Roth*. Defendants cited the Court to *Roth* (both the district court's opinion in the case and the Eighth Circuit opinion cited here by Plaintiff) when seeking ERISA preemption a year ago (Doc. 146 at PAGE ID # 15442). Plaintiff distinguished *Roth* then (Doc. 175 at PAGEID #17285), arguing it was inapplicable because Plaintiff seeks to hold Ms. Moran to duties imposed by state law, not ERISA, which the Court accepted. But now Plaintiff is using *Roth* in support of a claimed duty. But the fiduciary duty seen in that case—as with every case challenging the adequacy of security—arises not under state law but under ERISA, *Roth*, 16 F.3d at 916-18, and it bears no relevance to this case.

ago in his answer at Affirmative Defense 18 (Bankr. S.D. Ohio, 09-ap-03409 at Doc. 288, p. 71)).[4]

If there was more time and we had less to do in preparing for trial, we could write a brief explaining why Plaintiff's newfound argument is wrong. But there is just not enough time to bust every ghost. Rather than press the issue, or have the Court have to readdress the settled issue of the non-admissibility of the Tender Offer evidence, Mr. Morgan waives or otherwise withdraws the ordinary course defense as we are confident that Plaintiff cannot prevail on its prima facie case. We trust this solves Plaintiff's issue.

Respectfully submitted,

/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Brian P. Muething (0076315)
Danielle M. D'Addesa (0076513)
Anthony M. Verticchio (0084645)
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6952
Fax: (513) 579-6457

*Attorneys for Defendants Lee Morgan and Asha Moran*

OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

---

[4] The Court will search in vain for reference in Plaintiff's earlier brief to ordinary course issues.

- 4 -

- 5 -

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 27, 2014 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docketing system.

                /s/ Michael L. Scheier
                Michael L. Scheier